## Sylvester Pence *vs.* Samuel C. Arbuckle.

### March 18, 1876.

**Estoppel—Delivering to Agent of Deed Executed and Acknowledged, with Blank for Name of Grantee.**—On August 24, 1857, plaintiff, who owned a lot in the city of St. Paul, signed a printed form of a deed of conveyance, leaving blank the names and residences of the parties, the description of the land, the consideration, and the date. On the same day he caused a proper officer to certify upon this blank instrument, under his hand and official seal, that on that day the plaintiff appeared before him and acknowledged the execution of the deed. Plaintiff then delivered the instrument to S., to enable him to sell the land, and, by filling up the blanks and delivering the instrument, to convey to the purchaser. In 1861 S. filled the blanks, inserting August 24, 1857, as the date, his own name as grantee, the sum of $500.00 as the consideration, and the description of the lot in question. In 1862 S. sold the lot to K., and executed to him a conveyance. K. was ignorant of the facts in reference to filling up the deed delivered by plaintiff, and relied upon that instrument as a valid deed from plaintiff. Both deeds were thereupon properly recorded. In 1865 K. conveyed to defendant, who purchased for a valuable consideration and in good faith, without any notice of the

manner of executing the deed from plaintiff to S., or that it had not been fully filled up and completed in all parts before execution by plaintiff; and, in making his purchase and taking the conveyance, relied upon the deed to S. *Held*, that the signature of plaintiff, and the certificate of acknowledgment which plaintiff caused to be placed on the deed, were a representation by him that the deed was fully and completely executed by him at the date of the acknowledgment, and he is estopped, as of that date, to deny that it was so executed in the same condition as when K. first saw it.

Appeal by plaintiff from an order of the court of common pleas of Ramsey county, refusing a new trial, after a trial before *Brill*, J., and a jury.

*John B. & W. H. Sanborn*, for appellant.

*Henry J. Horn*, for respondent.

GILFILLAN, C. J. Ejectment to recover a lot in the city of St. Paul. The complaint is in the usual form. The answer puts in issue the allegations of the complaint, and alleges new matter. On the trial the following facts were admitted, to wit:

In the month of August, 1857, the plaintiff, being the owner of the lot in question, delivered to Oscar Stephenson, in St. Paul, a blank form of warranty deed, containing all the usual printed matter contained in printed warranty deeds, signed by plaintiff and wife, and acknowledged by them in due form of law as their act and deed, before a proper officer, who certified to the same under his official signature and seal, the certificate being dated August 24, 1857. The names and residences of the parties, the description of the property to be conveyed, the consideration to be paid, and the date of the deed, were at that time left blank. The instrument was delivered by plaintiff to Stephenson to enable the latter to sell the lot as agent for plaintiff, and, by filling up the blanks and delivering the instrument, to convey to the purchaser.

In the latter part of 1861 Stephenson filled up the blanks, inserting his own name as grantee, and the sum of $500.00 as the consideration, and the date as August 24, 1857—the same as the certificate. In 1862 Stephenson sold the lot to

John Kenkle for $275.00, and executed to him a deed of the same. Kenkle was ignorant of the facts in reference to the instrument delivered by plaintiff to Stephenson, and relied upon that instrument as a valid deed of the plaintiff. That instrument and the deed from Stephenson to Kenkle were thereupon properly recorded. In 1865 Kenkle conveyed to defendant, who purchased for a valuable consideration and in good faith, and without any knowledge or notice of the manner of the execution of the deed from plaintiff to Stephenson, or that the same had not been fully filled up and completed in all parts before execution by plaintiff; and, in making his purchase and accepting the conveyance to him, the defendant relied upon the deed from plaintiff to Stephenson and the record thereof. Upon executing his deed to Kenkle, Stephenson delivered possession of the lot to him, and he delivered such possession to defendant upon making the conveyance to him.

From 1857 till after the delivery of the deed to Kenkle the plaintiff was a citizen of Virginia, and Stephenson and Kenkle citizens of Minnesota.

These facts being admitted, each party introduced some evidence which, in the view we take of the rights of the parties on the admitted facts, was of no importance, and, the parties having rested, the court instructed the jury to find a verdict for the defendant, which they did, and a motion for a new trial having been refused, the plaintiff appeals to this court.

In the transaction in 1857—the execution and acknowledgment of the blank deed—both plaintiff and Stephenson seem to have understood that the latter could, under plaintiff's parol authority, fill up the blanks, and, by delivering it, make it the valid deed of the plaintiff. The blank deed was delivered to Stephenson for that purpose.

There is no little conflict in the decisions on the question whether an agent may be authorized by parol to fill up a deed which is ineffectual by reason of blanks left in it when it passes out of the hands of the maker; but this plaintiff

is not in a position to raise that question, for, on the admitted facts, he is estopped, as to this defendant, to deny that the deed to Stephenson is his lawful deed.

An estoppel *in pais* arises when one, by his acts or representations, or by his silence when he ought to speak out, intentionally, or through culpable negligence, induces another to believe certain facts to exist, and such other rightfully acts on the belief so induced in such manner that if the former be permitted to deny the existence of such facts it will prejudice the latter. The fact which, in this case, both Kenkle and the defendant might, from the act and representation of the plaintiff, believe, is that the deed was filled and completed on August 24, 1857. It bore the plaintiff's signature, and he had also caused to be placed on it an official certificate that he had on that day acknowledged that he executed the deed freely and voluntarily for the uses and purposes therein expressed. He is as much responsible for this certificate as though he had written and signed it himself. With this authentication upon it plaintiff put the instrument in the hands of another, knowing that he might, either fraudulently or from mistake as to his authority to do so, fill up the blanks, and that, when the blanks should be filled, the plaintiff's signature and the certificate of acknowledgment would accredit the instrument as having been filled and completed on or before August 24, 1857. The signature and certificate were a continuing representation that the instrument, in whatever condition it might be when presented to any one, was in that condition on August 24, 1857. When first shown to Kenkle there was nothing upon it to raise a suspicion that it was not entirely complete at the date of the acknowledgment. The signature and certificate would naturally cause him to believe, and it is an admitted fact that he did believe, the instrument to have been, at the date of the certificate, in the same condition as when shown to him. This belief was induced, not by any act or representation alone

of Stephenson, but by the act and representation of plaintiff, by the authentication which he placed upon the deed, and which, when the deed was presented to Kenkle, was a representation by plaintiff that the deed, in its then condition, was executed on August 24, 1857, just as much as though plaintiff had made the representation at the time the deed was first shown Kenkle.

To put it in the hands of any one to present his signature and acknowledgment in proof of the execution of the deed at the date of the certificate, and to leave such proof in his hands for years, and for the purpose of having the blanks filled by such person, was such *culpable negligence* that the plaintiff ought to be charged with its natural consequences, just as though he had actually intended them.

No question arises as to the sufficiency in law of Stephenson's authority to fill the blanks after the signature and acknowledgment, nor of whether he filled them fraudulently or in mistake as to his authority. Such questions were never presented to the mind of Kenkle, and for this reason those cases which hold a principal cannot be estopped as to the authority of his agent by the mere acts or representations of the agent—of which *Mechanics' Bank* v. *New York & N. H. R. Co.*, 13 N. Y. 599, 622, is one—do not apply. Nor do those cases apply which hold that a party cannot be estopped by an instrument which he is procured by fraud to make. There is no pretence that plaintiff did not voluntarily, with full knowledge, and without any fraudulent procurement, place, and leave for years, in the hands of Stephenson the imperfect deed, with the certificate of acknowledgment which was proper only for a perfectly executed and completed deed; and these are the acts and representations, and not any made by Stephenson, that estop him.

Nor is the case like that of a deed left in escrow, and wrongfully delivered by the person to whom it is entrusted. A deed left in escrow is left for a proper and lawful purpose,

and ordinarily there is no negligence in so leaving it. The purpose for which, as is admitted, plaintiff left the deed with Stephenson, was that he might, in a certain contingency, fill up the blanks, and pass the deed as the valid deed of plaintiff, fully executed at the date of the certificate of acknowledgment. If it be true, as claimed by plaintiff, that this authority to fill the blanks was insufficient because not given by an instrument under seal, and that in consequence the deed, if it should be filled and delivered by Stephenson as plaintiff intended, would be void, the transaction would have operated as a fraud upon the grantee whose name might be put in it. To place the deed in the hands of Stephenson for such a purpose was certainly not proper nor lawful, in the sense that it is proper and lawful to deliver a deed in escrow.

It is true, as a general rule, that where a representation is made only to one person, no other person can claim it as an estoppel; but there is a class of acts or representations that may be considered as addressed generally to all who may have occasion to act on them, and in such cases any one who may have occasion to act on them may claim them as an estoppel. That one is a member of a partnership is frequently made out by estoppel, although the acts and representations upon which the party claiming it may have acted were not addressed to him personally. Agency may be established in the same way. The representations made by the signature and certificate of acknowledgment in this deed stand upon the same principle, and may be considered as addressed to any one who may purchase the land on the strength of them.

The estoppel relates to August 24, 1857. This makes it immaterial that during the late war plaintiff was a citizen of one of the states in rebellion, while Stephenson and Kenkle were citizens of a loyal state.

Order affirmed.