ORRIN KINNEY v. EMIL MUNCH and Others.[1]

March 19, 1909.

Nos. 15,984—(223).

**Adverse Possession—School Land.**
Title to school lands cannot be acquired by adverse possession as against the state. Murtaugh v. Chicago, M. & St. P. Ry. Co., 102 Minn. 52; Scofield v. Scheaffer, 104 Minn. 123.

**Ejectment—Defense.**
A purchaser from the state of school lands which have been submerged by the maintenance of a dam across a stream may maintain an action for the possession thereof, and the parties maintaining the dam are not entitled to set up as a defense the right of a village, located upon the flowage, to prevent the dam from being abated.

Action in the district court for Pine county to recover possession of certain land; to compel the abatement of a certain dam, the existence of which caused an overflow upon plaintiff's land and for $2,440 damages. The case was tried before Stolberg, J., who found in favor of defendants. From an order denying plaintiff's motion to amend the findings, and from an order denying his motion for a new trial, he appealed. Reversed and new trial granted.

*J. W. Reynolds,* for appellant.
*J. N. Searles,* for respondents.

LEWIS, J.

This action was brought for the purpose of recovering possession of certain lands submerged by the maintenance of the Chengwatuna dam across Snake river in Pine county, and to recover damages for the use and occupation of the premises. The decision in Simons v. Munch, supra, page 370, 120 N. W. 373, controls all questions here involved, with this exception: In that case the title to the submerged lands rested in private parties. In this case the submerged tract consisted of schools lands, and appellant acquired title October 24, 1902, by purchase from the state.

[1] Reported in 120 N. W. 374.

Title to lands granted to the state for the use of its schools by the United States cannot be acquired by adverse possession as against the state. Murtaugh v. Chicago, M. & St. P. Ry. Co., 102 Minn. 52, 112 N. W. 860, 120 Am. St. 609; Scofield v. Scheaffer, 104 Minn. 123, 116 N. W. 210. If this title had not been acquired by respondents as against the state at the time of the sale, it follows that no title was acquired as against appellant at the time of the commencement of this action. Respondents urge, however, that while the state was the owner of the lands it granted to the village of Pine City the right to regulate by ordinance the head of waters to be maintained in this dam. Chapter 38, p. 228, Sp. Laws 1881; chapter 16, p. 118, Sp. Laws 1885; chapter 70, p. 652, Sp. Laws 1887; Village of Pine City v. Munch, 42 Minn. 342, 44 N. W. 197, 6 L. R. A. 763.

The court found that on June 20, 1885, the village council duly passed an ordinance fixing the minimum of water at the dam in Snake river, and provided a penalty by fine or imprisonment for any one who should open the gates of the dam while the water was at a depth of seven feet or less. It is argued that, having authorized the village to enact the ordinance for the protection of its inhabitants, the state would not be permitted to abate the dam to the injury of the village, and that appellant purchased the land from the state with notice of the rights of the village.

It is the general rule that in an action of ejectment, one who is in possession of premises under color of title or right may avail himself of an outstanding title as a defense. But that defense is not available where the party in possession is an intruder or trespasser. Tyler, Ejectment & Adverse Enjoyment, p. 564; Brolaskey v. McClain, 61 Pa. St. 146; Anderson v. Gray, 134 Ill. 550, 25 N. E. 843, 23 Am. St. 696; Sullivan v. Eddy, 164 Ill. 391, 45 N. E. 837; Stephenson v. Reeves, 92 Ala. 582, 8 South. 695; Guilmartin v. Wood, 76 Ala. 204; Williams v. Swetland, 10 Iowa, 51. In Village of Pine City v. Munch, supra, the rights of the village were limited to the regulation of the flowage, and the expressions of the court with reference to the rights of the village to prevent the abatement of the dam were carefully guarded. As decided in Simons v. Munch, possession of the submerged lands was not authorized by the statute, so in this case respondents did not take possession of the premises in question under

color of right or title, and in view of the somewhat doubtful rights of the village to abate the dam this is not a case for the application of the rule referred to. Whatever remedy the village may have had as against the state while the title stood in the state, or may have as against appellant, is not open for consideration on this appeal, because the village is not a party.

For these reasons, the court was in error in ordering judgment for respondents, and a new trial is granted.