### John W. Ventriss, Appellee, v. The Pana Coal Company, Appellant.

1. TRIAL—*when examination of talesmen improper.* It is error for the court to allow the examination of talesmen to extend to the point of asking them whether upon certain stated facts they will find for the plaintiff.

2. NEGLIGENCE—*what does not tend to establish.* The mere fact that a safer way of doing work might have been adopted or might

have been known to the party charged with negligence, does not tend to establish the fact of negligence.

3. INSTRUCTIONS—*when erroneous in ignoring question of assumed risk.* An instruction which directs a verdict for the plaintiff upon certain conditions and under certain findings from the evidence, is erroneous if it eliminates the issue of assumed risk.

4. INSTRUCTIONS—*must not give undue prominence to particular evidence.* An instruction is erroneous which singles out certain portions of the testimony and gives undue prominence thereto.

5. INSTRUCTIONS—*must not be argumentative.* An instruction is improper which is argumentative in form.

Action in case for personal injuries. Appeal from the City Court of Pana; the Hon. JOSIAH P. HODGE, Judge, presiding. Heard in this court at the November term, 1909. Reversed and remanded. Opinion filed March 30, 1910.

J. C. & W. B. McBRIDE, for appellant; M. W. HAYDEN and McQUIGG & DOWELL, of counsel.

HOGAN & WALLACE, for appellee.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

This action was brought by appellee to recover for injuries sustained while at work in the mine of appellant in Christian county, Illinois.

The declaration, originally, contained two counts, both based upon statutory liability for wilful violation of the statute concerning the examination and marking of the mine. By leave of court three additional counts were filed, the first two counts on wilful violation of statutory provisions, and the third additional count on common law negligence for failure to provide a reasonably safe place for appellee to work; the third additional count was afterwards slightly amended. The trial resulted in verdict of $2,100 for plaintiff. A new trial was denied and it is to reverse the judgment rendered on this verdict this appeal is prosecuted.

In the examination of the jurors on their *voir dire*, each of the jurors was asked, if he should be instructed by the court that a coal miner, working in a coal mine,

was injured by reason of wilful violation of the mining law of this State, that then the coal miner would be entitled to recover damages regardless of whether he was in exercise of due care and caution for his own safety, and whether under such an instruction he would have any prejudice against that rule of law; they were also asked, if they believed from the evidence the plaintiff was injured under those circumstances, they would find for the plaintiff. These questions were answered "Yes." They were permitted to answer these questions over the objection of the defendant.

The jury was impaneled, and at the close of the evidence of plaintiff, the cause of action was dismissed as to the original two counts of the declaration by the plaintiff; and after leave was given to amend the third additional count, and upon the close of all the evidence, on motion of the plaintiff, the suit was further dismissed as to all the remaining counts of the declaration except the third additional count. This count was based on common law negligence in failing to provide a safe place, etc.

It is urged by appellant that in permitting the jurors on their *voir dire* to answer these questions virtually committed the jurors, if certain facts were shown on behalf of the plaintiff, to agree to render a verdict in his behalf and this, without regard to what might be disclosed upon the part of the defense or without relation to what the instructions of the court to the jury might be, regarding such conditions of affairs.

The court permitted too great a latitude in the examination of these jurors and should not have allowed the examination to extend to the point of asking the jurors whether upon certain stated facts they would find for the plaintiff. It was error to permit this examination of these jurors.

The record discloses that appellee was in the employ of appellant as a company man and at the time of his injury was engaged with a force of men, working under one Wheitsel, the night boss. At the place where

plaintiff was at work in this entry it became necessary to raise the track and in order to do it required taking down the roof of the entry for some distance, and this was the work being done at the time plaintiff received the injury. The work required the taking out of the timbers holding the roof of the mine, cleaning out the slate and rock which fell or became loose, and loading the same into cars for the purpose of taking it out of the mine. This entry extended north and south, and on the morning of the twenty-first of June, the day shift commenced the work of brushing this entry and worked north, from the point where they began, a distance of about twenty feet or more, had knocked out three or four sets of props and let fall upon the track a considerable quantity of rock and slate. The night shift, with which plaintiff was working, began its work at about the point the day shift commenced; the night shift worked south from that point and also took out three or four sets of props and let the rock and slate fall upon the track. Before the night shift began its work, props and a cross bar were placed at a point about where the work was commenced, and within a few feet south of this there was another set of props and a cross bar left standing. The plaintiff and the other men of the night shift were engaged in taking down props and pulling down the roof for some considerable time, and up to about the time when they ate supper. Some of the stone or slate of the roof was very difficult to release. The plaintiff and others took a crow-bar and other instruments to pry the rock or slate loose from the roof but were unable to do so. The night boss, Wheitsel, was there with the men during all of the time they were at work. After supper and after they had taken down about all of the slate and rock they could get down, the night boss directed the men to get the car and take the slate and rock from off of the track. The car was placed by some of the men at or near the cross-bar and a few feet distant south from the point where they began work and the

men commenced the work of loading the slate and gob into the car from off of the track.

Appellee contends that the taking out of the props at the place where he was at work and the failure to replace them where the former shift of workmen had been engaged, rendered the place dangerous and testified that he informed the night boss he did not think it was a safe place to work, but the night boss replied "He did not see how it could come down," and directed appellee to proceed with the work, and it was in doing this work, after having been engaged for a short time, that the cracking of the roof was heard and in attempting to get away from the falling rock and slate appellee was caught by the same and received his injuries.

Appellant has assigned as error the admission of certain evidence over its objection; also the giving of the second, fourth, fifth and sixth instructions on behalf of appellee.

The evidence objected to by appellant and admitted by the trial court is upon the line that there was a safer way in which to have done the work than that adopted by appellant and permitted the witnesses for appellee to tell the manner of doing the work which would have been safer. The admission of this evidence, over the objection of appellant, was error. The mere fact that a safer way might have been adopted, or may have been known to appellant does not show, or tend to show negligence on the part of appellant.

The second instruction given on behalf of appellee, of which complaint is made while somewhat involved, states the law substantially correct.

The third instruction given on behalf of appellee was as follows:

"3. If you believe from the evidence in this case that the plaintiff was in the employ of the defendant when and where as in said count is alleged, and while so engaged and while in the exercise of due care and caution for his own safety, taking into consideration all the circumstances shown by the evidence as to said

time and place, and surrounding conditions, the plaintiff was injured as in said count is alleged, and that the defendant negligently failed to provide the plaintiff with a reasonably safe place in which to work, taking into consideration the character of said work, and as a consequence thereof he sustained the injuries complained of in said count, then your verdict in this case should be for the plaintiff."

This instruction directed a verdict for the plaintiff upon certain conditions and certain findings from the evidence. The instruction eliminates the question of assumed risk on the part of appellee. Where an instruction permits or directs the recovery in the case without reference to any other, the instruction must include all the conditions necessary for a recovery. Swiercz v. Illinois Steel Co., 231 Ill. 456; Illinois Iron & Metal Co. v. Webber, 196 Ill. 526.

The fourth instruction given on behalf of appellee is erroneous in the fact that it singles out certain portions of the testimony and gives undue prominence thereto. It is also argumentative and should not have been given. The fifth instruction is open to the same criticism as the fourth. Craig v. Miller, 133 Ill. 300; Hartshorn v. Byrne, 147 Ill. 419; Sullivan v. Eddy, 164 Ill. 391.

The evidence in this case upon the question of negligence of the appellant and the due care, and of assumed risk of the appellee, is very close, and it is a well established rule, that where the evidence is close and conflicting, the jury must be accurately instructed.

For the errors indicated above, judgment will be reversed and the cause will be remanded.

*Reversed and remanded.*