## ORA POST v. CHARLES SUMNER AND ANOTHER.[1]

June 15, 1917.

Nos. 20,313—(150).

**Ejectment — proof of title — adverse possession.**

1. A plaintiff in ejectment must rely upon the strength of his own title, not upon the weakness of the title of the defendant; and he cannot prove title by adverse possession through the possession of those who recognized defendant's grantor as the owner.

**Adverse possession — payment of taxes — application of statute.**

2. The statute making payment of taxes for at least five consecutive years upon land separately assessed, a prerequisite to the acquisition of title by adverse possession, applies in all cases where the possession had not ripened into title before the statute took effect.

**Ejectment — right of action — evidence.**

3. One in actual possession of a parcel of land under a claim of right

[1]Reported in 163 N. W. 161.

may maintain ejectment against a naked trespasser who has ousted him from such possession, but the evidence in this case shows neither such possession nor such ouster as entitles plaintiff to recover.

Action in ejectment in the district court for Houston county to recover possession of certain premises and for $50 damages. The case was tried before Kingsley, J., who granted the motion of defendants to dismiss the action. Plaintiff's motion for a new trial was denied. From the judgment of dismissal on the merits, entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*Edward Lees* and *Lees & Bunge,* for appellant.

*J. C. Raymond,* for respondents.

TAYLOR, C.

Upon the death of Peter Ferguson in 1911, lots 1 and 2 of block 31 in the village of La Crescent were inventoried as a part of his estate, and were assigned to Marian F. Raymond, his daughter and sole heir, by the final decree of the probate court. Mrs. Raymond made a contract, in 1912, to sell these lots to defendants, and pursuant to this contract deeded them to defendants in 1914. Defendants took possession of the lots under their contract of purchase and have retained such possession ever since. They and their predecessors in interest have paid all the taxes upon the lots for nearly 20 years, but did not connect themselves with the original or government title thereto.

The "Keup Sisters" for many years resided upon and presumably owned lot 3 adjoining lot 2 on the east. In 1906, they deeded lot 3 to A. P. Latto, and, in 1910, Latto deeded it to plaintiff who has resided upon it ever since. Lots 1 and 2 were apparently uninclosed and unoccupied, except as used by the occupants of lot 3, until defendants took possession of them. When defendants took possession of lots 1 and 2 they plowed up lot 2, except the east 17 feet thereof upon which there were some trees, and fenced in the entire lot. Plaintiff brought this action of ejectment to recover possession of the east 17 feet of lot 2, the part not plowed, claiming title thereto by adverse possession. She makes no other claim of title. While the "Keup Sisters" and Latto occupied lot 3, their lawn apparently extended over the front of lots 1 and 2 and their garden perhaps extended over the rear of lot 2; but

neither the "Keup Sisters" nor Latto conveyed or attempted to convey any part of lots 1 or 2, and there is no evidence that any of them ever claimed any title to either of these lots. On the contrary, the evidence is undisputed that they recognized Ferguson as the owner of lots 1 and 2 and paid him rent for the privilege of using them. When plaintiff took possession of lot 3 she continued to occupy the front of lots 1 and 2 as a part of her lawn and the rear of lot 2 as a part of her garden. Mrs. Raymond, who had succeeded to whatever interest Ferguson had in the lots, demanded rent from plaintiff, but plaintiff refused to pay rent.

Plaintiff, having brought ejectment, must rely upon the strength of her own title and not upon the weakness of the title of the defendants. Greve v. Coffin, 14 Minn. 263 (345), 100 Am. Dec. 229; Minnesota Debenture Co. v. Johnson, 94 Minn. 150, 102 N. W. 381, 110 Am. St. 354. She offered no evidence tending to prove any adverse claim to lot 2 on the part of her predecessors in interest, nor tending to prove that either she or any one under whom she claims, had ever paid any taxes upon that lot, nor tending to prove that her grantor had assumed to convey to her any part of that lot, and has utterly failed to establish title by adverse possession. We may remark in passing that the provision of section 7696, G. S. 1913, requiring payment of taxes for at least five consecutive years in order to acquire title to land by adverse possession, if it be separately assessed, applies in all cases where the adverse possession had not ripened into title at the time that provision took effect, and consequently applies in the present case.

Plaintiff further contends that she was in possession of the land in controversy at the time defendants took possession thereof, and that such possession is sufficient to enable her to maintain this action.

This land adjoined her own lot and was vacant and unoccupied. She used a portion of it as a part of her lawn and another portion as a part of her garden, but appears to have been a mere intruder without any claim of right. To the question "You simply bought lot 3; that is all you bought?" she answered: "That is all I bought; I bought lot 3." To the question: "You were going to claim the two lots (1 and 2)?" she answered: "No sir, I didn't care for the two lots at all; all I

asked for was just a little bit on the west side of me; I gave up. the two lots without any quarrel."

While an actual *bona fide* possession under a claim of right is sufficient to support an action of ejectment against a naked trespasser who has ousted the prior occupant from possession, neither the possession nor the ouster here disclosed was of such a character as to warrant the court in awarding to plaintiff possession of the 17 feet of lot 2 adjoining her own lot, against defendants who had entered peacefully under color of title and a claim of ownership. 9 R. C. L. 850, 851, §§ 20 and 21. Kinney v. Munch, 107 Minn. 378, 120 N. W. 374. She concedes that she had no right to the lot and gave it up to defendants, and she has no more right to the strip she now seeks than to the remainder of the lot.

Our conclusion is that the trial court correctly dismissed the action and the judgment appealed from is affirmed.