## ADOLPH E. GREEN v. E. H. LIDBERG AND ANOTHER.[1]

October 17, 1930.

No. 28,041.

[1]Reported in 232 N. W. 511.

*Milton I. Holst* and *Oscar Hallam,* for appellants.
*Albert Johnson,* for respondent.

LORING, C.

This is an appeal from an order denying defendants' alternative motion for judgment or a new trial. The action is ejectment, and the plaintiff prevailed in the trial court.

Plaintiff owned a house and lot in Red Wing which he desired to exchange for a farm. One C. A. Polson was a real estate dealer in that city, and he arranged an exchange of plaintiff's house for a farm belonging to Dr. McGuigan, plaintiff to give a mortgage for a difference agreed upon. Polson testified that McGuigan did not want to take the house but that he arranged that Mrs. Polson should deed to McGuigan some Montana land and that Mrs. Polson should have the plaintiff's house. Polson claims that the entire transaction was explained to plaintiff and his wife. They deny that the explanation was made and say that the house was to be deeded directly to McGuigan and that in the deed which they signed "Dr. McGuigan's name was read in that deed."

After the plaintiff had had the farm for over two years he found himself unable to comply with the terms of the mortgage which he had given to McGuigan and deeded back the farm to McGuigan to avoid a foreclosure. He then consulted counsel and ascertained that the deed of his house and lot which he and his wife had signed in the exchange of properties contained the name of Phoebe Polson as grantee. He then brought suit against these defendants, Lidberg as the present owner of the fee and Hanson, who holds a contract from Lidberg. It is plaintiff's claim that the insertion of Phoebe Polson's name as grantee constituted a forgery and that the deed is void and that plaintiff is still the owner of the house and lot.

It will be observed that each party to the three-cornered transaction got exactly what he bargained for and parted with exactly

what he intended to part with. The evidence is undisputed that Dr. McGuigan received a deed to the Montana property, and he is not complaining here. The plaintiff got the farm he wanted on the terms he agreed to. That he subsequently failed to comply with the terms of the mortgage he had given cannot in any way be charged to anyone connected with the transaction complained of. Mrs. Polson parted with her Montana land and got the house which has since been transferred through mesne conveyances to Lidberg, who is admitted to be a purchaser in good faith without any notice of the alleged change in the deed from plaintiff.

The plaintiff must stand on the strength of his own title, not upon any weakness of the defendants' title. Post v. Sumner, 137 Minn. 201, 203, 163 N. W. 161; Greve v. Coffin, 14 Minn. 263 (345), 100 Am. D. 229; Minnesota Debenture Co. v. Johnson, 94 Minn. 150, 102 N. W. 381, 110 A. S. R. 354. Therefore if title passed out of plaintiff by the deed which he and his wife admit that they signed, they cannot prevail against these defendants. The evidence is clear that they signed the deed and delivered it to Polson. If, as plaintiff claims, McGuigan's name was in the deed at that time, title then passed to McGuigan; and any subsequent alteration in the instrument would not revest the title in plaintiff although it would destroy the force of the executory covenants in behalf of the party who made or caused such alterations. Robbins v. Hobart, 133 Minn. 49, 157 N. W. 908.

If we assume that the deed was blank as to the grantee and that Polson violated his instructions in putting in his wife's name instead of McGuigan's, plaintiff has in no way been prejudiced thereby. He intended to part with title to the property which has now passed into the hands of innocent purchasers who had a right to rely on its validity. His signature and the notary's certificate were a continuing representation to any purchaser that the deed was, at its date, in the same condition that it was when recorded. Pence v. Arbuckle, 22 Minn. 417, 420. Plaintiff has received and lost the entire consideration which he expected to get for his house and is admittedly not in a position to restore it. He has not been damaged

or defrauded. Under such circumstances he is as a matter of law estopped from raising the question of the validity of the deed to Phoebe Polson. His ejectment suit must fail. Pence v. Arbuckle, 22 Minn. 417; Schauble v. Hedding, 138 Minn. 187, 164 N. W. 808.

Order reversed and cause remanded to the court below with direction to enter judgment for the defendants notwithstanding the verdict.