LAVASSAR vs. WASHBURNE.

*September 3 — September 21, 1880.*

*(1, 3)   On what proof written instruments will be cancelled, for fraud.   (2)
Husband as agent of wife.*

1. Written instruments will not be cancelled or rescinded on the ground of fraud, except upon clear and convincing proofs.
2. Where a married woman sues to set aside a conveyance of her land executed by herself and her husband, on the ground that its execution was procured by defendant's fraudulent misrepresentations, if it appears that the negotiations which resulted in its execution were all between defendant and the plaintiff's husband acting as her agent, she is bound by his acts, and the case is as if the husband had been owner of the land and plaintiff in the action.
3. In this case, in the absence of any sufficiently clear and convincing proof of the alleged fraud, this court reverses the judgment below cancelling the conveyance.

APPEAL from the Circuit Court for *Door* County.

This action was brought to set aside a conveyance of land executed by plaintiff and her husband to the defendant. It is alleged in the complaint that the defendant induced the grantors to execute the conveyance by means of the false and fraudulent pretense and representation that it only corrected certain mistakes in former conveyances, by the same grantors, to certain grantors of the plaintiff, whereas it purports to convey land not intended to be included in such former conveyances.

The circuit judge found that the complaint was proved, and gave judgment for the relief demanded therein. Defendant appealed from the judgment.

For the appellant there was a brief by *Hastings & Greene,* of counsel, and oral argument by *Mr. Hastings.*

The cause was submitted for the respondent on the brief of *O. E. Dreutzer* and *Tracy & Bailey.*

LYON, J. The rule so often laid down by this court, that, to justify the court in reforming a written instrument on the ground that it does not correctly state the intentions of the parties, the evidence of the mistake must be clear and convincing, is applicable to a case wherein it is sought to cancel or rescind the instrument for fraud. 1 Story's Eq. Jur., § 694*a*, and cases cited. It was said in *Howland v. Blake,* 97 U. S. (7 Otto), 624 (citing several cases in this court), that "a judgment of the court, a deliberate deed or writing, is of too much solemnity to be brushed away by loose and inconclusive evidence." Indeed, the general rule of law, applicable to all classes of cases in which fraud in fact is asserted, is that the fraud "must be proved by clear and satisfactory evidence." *Fick v. Mulholland,* 48 Wis., 413.

The following are some of the cases in this court in which the rule of evidence in actions to reform or rescind deeds and other written instruments for different causes, or to vary their terms by parol proof, has been considered and applied. They

are cited here, not because the rule needs the support of a multitude of cases, for it is elementary, but only for convenience of reference: *Blanchard v. McDougal*, 6 Wis., 167; *Newton v. Holley*, id., 592; *Lake v. Meacham*, 13 Wis., 355; *Fowler v. Adams*, id., 458; *Harrison v. The Juneau Bank*, 17 Wis., 340; *Tiernan v. Gibney*, 24 Wis., 190; *Ledyard v. Ins. Co.*, id., 496; *Kent v. Lasley*, id., 654; *Knoll v. Harvey*, 19 Wis., 99; *McClellan v. Sanford*, 26 Wis., 595; *Kercheval v. Doty*, 31 Wis., 491; *Harter v. Christoph*, 32 Wis., 245; *Mackey v. Stafford*, 43 Wis., 653; *Sable v. Maloney*, 48 Wis., 331; *Du Pont v. Davis*, 35 Wis., 631.

Within the above rule, is the fraud charged in the complaint sufficiently proved to sustain the judgment? After a careful examination of the testimony we are compelled to answer the question in the negative. The negotiations which resulted in the execution of the conveyance sought to be avoided, were all between the defendant and the plaintiff's husband and agent. She had little or no part in the transactions further than to execute the conveyance, which she did pursuant to her husband's advice. She is bound, therefore, by his acts, and the case stands as it would have stood had the husband been the owner of the land in controversy and the plaintiff in the action. The husband of the plaintiff testifies that the conveyance was intended only to correct certain alleged inaccuracies in two former conveyances, executed by himself and wife, of lands which the defendant subsequently purchased; that it was not agreed or intended that it should include any other land; and that he did not hear it read, but executed it, and procured his wife to execute it, on the faith of defendant's representation that it merely corrected such inaccuracies. On the other hand, the defendant testifies that he made no false statements as charged, but that the conveyance was drawn in strict accordance with his agreement with plaintiff's husband, and was carefully read to him more than once, and the description therein explained to him.

Two other witnesses testified that the deed was read to Mr. Lavassar. One of them, Mr. Pinney, who surveyed the land in question for Mr. Lavassar, says that he heard the defendant read the deed to him; and Mr. Warren, who also surveyed the land, and who drew the deed, says that he also read it very carefully to Lavassar. There seems no reason to doubt the accuracy of the statements of these witnesses. We think it is abundantly proved that the deed was read to Lavassar at least twice before execution. There is nothing intricate in the descriptions in the deed, and the case shows that Mr. Lavassar was entirely familiar with the location and description of the land. Moreover, his own testimony, as well as other facts in the case, convince us that, although uneducated, he is an intelligent, careful man, and that, if the deed included land which he had not sold, he would have been apt to detect the inaccuracy when the instrument was read to him. The foregoing is all of the testimony bearing directly upon the question of fraud. Some other facts were proved on the trial by both parties, having some relation to the question; but the bearing of these is quite remote and inconsequential, and, so far as they tend to prove and disprove the alleged fraud, they seem very nearly balanced. It is not deemed necessary to comment further upon them. We find ourselves entirely unable to say that the alleged fraud is proved by clear, satisfactory and convincing testimony; and hence, within the rule above stated, we must reverse the judgment of the circuit court.

*By the Court.*—Judgment reversed, and cause remanded with directions to the circuit court to dismiss the complaint.