LIZZIE D. DOBBIN *vs.* WILLIAM CORDINER.

July 2, 1889.

**Married Woman—Estoppel by Deed Executed in Blank and Unread.**
A married woman who, at her husband's request, executes and acknowledges a deed of conveyance of real property, knowing it to be such, and allows her husband to take it away for delivery to a purchaser, is estopped, as against an innocent purchaser under the deed, to assert that the deed was invalid because, when she executed it, no grantee was named in it, or because she did not know that the land described in the deed was her own and not her husband's land, she not having read the deed, nor having shown sufficient excuse for not reading it.

**Same—Estoppel.**—The capacity of married women to be bound and estopped by their conduct is incident to their enlarged power to deal with others.

**Deed with but One Witness.**—A deed is effectual as a conveyance, although there was but one subscribing witness. Following *Morton* v. *Leland*, 27 Minn. 35, *Johnson* v. *Sandhoff*, 30 Minn. 197, and *Conlan* v. *Grace*, 36 Minn. 276.

Appeal by plaintiff from a judgment of the district court for Hennepin county, where the action was tried by *Baxter*, J., (acting for a judge of the fourth district.)

*Hart & Brewer,* for appellant.

*Wilson & Lawrence,* for respondent.

DICKINSON, J. This action is prosecuted for the purpose of securing the cancellation of a deed of conveyance from the plaintiff and her husband to the defendant. The plaintiff seeks to avoid the deed upon the grounds that, as she alleges, the deed, when executed by her, was incomplete, not containing the name of the grantee nor any description of the property conveyed; that, by her husband's misrepresentations, she was induced to sign and acknowledge the instrument in its incomplete form; and that he afterwards, without her authority, inserted the name of the defendant as grantee, and the description of the property, and delivered the deed to the defendant. By the findings of the court the following facts are established : The land had been purchased by the plaintiff's husband, who paid a

part of the purchase price. The conveyance was made to the plaintiff, who gave a mortgage upon the property for an unpaid part of the purchase price. The plaintiff's husband, having bargained with the defendant for the sale of the land to him, prepared a deed for the conveyance of the property, complete in form, except that it did not contain the name of any grantee. He requested the plaintiff to execute it; and, without objection, she signed and acknowledged it, the husband also joining in the execution of it. She delivered the deed, after her acknowledgment, to her husband, for the purpose of completing and delivering it to the purchaser. The husband then wrote in the name of the defendant as grantee, delivered it to him, and the latter, receiving the deed, paid the price to plaintiff's husband, in good faith, without notice of any defects or omissions in the making or executing of the deed. He assumed, as part of the consideration, the payment of the outstanding mortgage on the property. The plaintiff's allegations as to the fraudulent procuring of her execution of the deed are not sustained by the findings of the court.

It is conceded on the part of the appellant, the plaintiff, that, in general, one executing a deed of conveyance may give authority to another, by parol, to insert in the deed, after its execution, the name of a grantee, the grantee not having been before named in the deed; but it is contended that a wife cannot confer such authority upon her husband. We deem it unnecessary to decide whether this distinction can be recognized. Without regard to that question, and however it might be decided, we are of the opinion that by her conduct the plaintiff is precluded, upon the principle of estoppel, from asserting, as against the defendant, the invalidity of this deed. Our statutes have gone far to remove the common-law disabilities of married women. The property held by them at the time of their marriage continues to be their separate property after marriage. They may, during coverture, receive, hold, use, and enjoy property of all kinds, and the rents, issues and profits thereof, and all avails of their contracts and industry, free from the control of their husbands. They are capable of making contracts by parol or under seal. They are bound by their contracts, and responsible for their torts, and their property is liable for their debts and torts, to the same extent as if they were unmar-

ried. Their power to contract, and to convey real estate, is, however, so far qualified that they cannot contract with their husbands relative to the real estate of either, or by power of attorney or otherwise authorize their husbands to convey their real estate or any interest therein; and, in general, in all conveyances by married women of their real estate, their husbands must join. Married women cannot enjoy these enlarged rights of action and of property and remain irresponsible for the ordinary legal and equitable results of their conduct. Incident to this power of married women to deal with others is the capacity to be bound and to be estopped by their conduct, when the enforcement of the principle of estoppel is necessary for the protection of those with whom they deal, although there are, without doubt, limitations upon the application of this doctrine. *Norton* v. *Nichols*, 35 Mich. 148; *Reed* v. *Morton*, 24 Neb. 760, (40 N. W. Rep. 282;) *Knight* v. *Thayer*, 125 Mass. 25; *Bodine* v. *Killeen*, 53 N. Y. 93; *Powell's Appeal*, 98 Pa. St. 403; *Fryer* v. *Rishell*, 84 Pa. St. 521; *Godfrey* v. *Thornton*, 46 Wis. 677, (1 N. W. Rep. 362;) *Lavassar* v. *Washburne*, 50 Wis. 200, (6 N. W. Rep. 516;) *Baum* v. *Mullen*, 47 N. Y. 577; *Patterson* v. *Lawrence*, 90 Ill. 174; *Reis* v. *Lawrence*, 63 Cal. 129; *Sharpe* v. *Foy*, L. R. 4 Ch. App. 35; *In re Lush's Trusts*, Id. 591; 2 Pom. Eq. Jur. § 814.

This plaintiff had power to convey her estate by deed in which her husband should join. She executed and acknowledged this deed, knowing that it was a deed of conveyance, and contemplating that it was to be delivered and have effect as such, and that the purchaser would pay a consideration therefor. The deed was delivered, as she intended it should be, to a purchaser, who, in good faith, supposing the conveyance to be in all respects valid and effectual, has paid the consideration therefor. Even if her authority to her husband, implied from the circumstances, to fill in the name of the grantee was ineffectual to legally empower him to do so, she ought not now to be allowed, in a court of equity, to defeat the title of the purchaser upon that ground. A grantor not under disability from coverture would be estopped under such circumstances. *Pence* v. *Arbuckle*, 22 Minn. 417. It is equitable that the same principle be applied here for the protection of the defendant; and to so apply it does not, we think,

defeat the purposes of the statute declaring invalid any power of attorney or other authority, as between husband and wife, to convey real estate. It is immaterial, in our view of the case, whether or not there was an express authorization of the husband to fill in the name of the grantee. It is enough that the plaintiff intended the instrument to have effect as a conveyance, and that she allowed her husband to take it, after she had executed it, for the purpose of delivering it to the purchaser as a deed of conveyance executed by her. That the plaintiff supposed that her husband was to deliver this deed to the purchaser is shown by her own testimony. The extent of the proof on the part of the plaintiff, as to the misrepresentation of her husband, was that he said to her, when he asked her to execute the deed, that he would like to sell a lot. Without considering what might have been the effect of fraudulent misrepresentations of the husband in a case where the wife was not chargeable with negligence in the transaction, we regard this evidence as wholly insufficient to justify the granting of relief as against an innocent purchaser. With regard to the rights of purchasers it was culpable negligence on the part of the plaintiff to execute the conveyance unless she is to be bound by it. The language of her husband did not justify her in executing the deed without reading it, or at least without more definite information as to its contents, unless she was willing to allow the deed to have effect whatever the property conveyed might be. It is therefore unnecessary to pass upon the question of the admissibility of the husband's testimony going to rebut the plaintiff's testimony in this particular, and which, as it seems, the court below did not consider.

The deed was effectual as a conveyance, although there was but one subscribing witness. *Morton* v. *Leland*, 27 Minn. 35, (6 N. W. Rep. 378;) *Johnson* v. *Sandhoff*, 30 Minn. 197, (14 N. W. Rep. 889;) *Conlan* v. *Grace*, 36 Minn. 276, (30 N. W. Rep. 880.) The evidence justified the findings of fact.

Judgment affirmed.