CHARLES A. SPRANDEL *vs.* LEON HOUDE *et al.*

Argued by appellant, submitted on brief by respondents, July 10, 1893. Reversed July 26, 1893.

**Facts Stated.**

Three judgments having been docketed against the owner of certain land, the land was sold under execution on the first judgment. The holder of the third judgment redeemed one day earlier than he was entitled to. No other redemption was made or attempted. *Held:*

**Redemption of Real Estate from Sale on Execution.**

That the redemptioner acquired the title, and the holder of the second judgment lost his lien and right to enforce the same by execution against that land.

**Same — By Third Judgment Creditor, One Day Prematurely — Second Judgment Creditor not Prejudiced.**

The holder of the second judgment not having attempted to redeem, he was not prejudiced by the fact that the third judgment creditor exercised his right of redemption prematurely; and, the person from whom redemption was made having acquiesced, the redemption was valid.

**Sheriff's Certificate of Redemption Valid Although the Money was Paid Directly to the Owner.**

The payment for the purpose of redemption having been made to the person from whom redemption is to be made, the redemption is not invalid by reason of the fact that the certificate of such redemption is made by the sheriff.

**Stipulation Construed.**

A stipulation construed in connection with the pleadings, as showing that certain land was the homestead of a judgment debtor, and hence exempt from sale on execution.

Appeal by plaintiff, Charles A. Sprandel, from an order of the District Court of Morrison County, *L. L. Baxter*, J., made March 20, 1893, denying his motion for a new trial.

William T. Lambert owned the north half of lot four (4) in block thirty-one (31) in Little Falls, from September 14, 1878, until August 25, 1887, when he and wife conveyed it to Kate Boyce and she to plaintiff. Russell & Co., a corporation, recovered judgment April 13, 1883, in the District Court of Stearns County against Lambert, and on April 16th of that year a transcript thereof was filed, and the judgment docketed, in Morrison County. Execution was issued thereon and the half lot sold by the sheriff on June 15, 1889, to Samuel Trebby, for $440.36, and he paid that sum and received the certificate of sale. George Geissel recovered a judgment in the District Court of Morrison County on October 4, 1883, against Lambert and Charles Covill for $152.73 and it was docketed on that day. Geissel assigned this judgment to the defendant Jane M. Brown. The plaintiff, Charles A. Sprandel, recovered a judgment in a Justice's Court in Morrison County on April 13, 1885, against Lambert for $14.85 and on May 15, 1885, a transcript thereof was filed, and the judgment docketed, in the District Court of that county.

On June 14, 1890, Jane M. Brown and Charles A. Sprandel each filed with the Clerk in Morrison County, notice of intention to redeem from the sale to Trebby. Mrs. Brown did not in fact attempt to redeem, but the plaintiff on June 20, 1890, paid to Trebby in cash or property the $440.36 and interest, and the sheriff, Henry Rasicot, on the request of both, made and delivered to plaintiff on that day, a certificate of redemption, and under it he claims title to the north half of lot four, (4.) This redemption it will be noticed, was made on the 20th, one day prior to the commencement of the five days given him by the statute in which to redeem. 1878 G. S. ch. 66, § 324.

Lambert also owned the north half of lots one (1) and two (2) in the same block, and occupied them as his homestead, from September 14, 1878, until August 25, 1887, when he and wife conveyed them and his interest in all the lots to Kate Boyce and she to plaintiff. Lambert had no title to lot three, (3.) It lay between lot four and his homestead. In June, 1892, Mrs. Brown sued out a writ of execution on her judgment against Lambert and delivered it for service to the defendant Leon Houde, Sheriff of Morrison County, and

he levied upon the north half of these lots one, (1,) two, (2,) three, (3,) and four, (4,) and advertised them to be sold September 3, 1892, to pay the judgment. Plaintiff at once commenced this action against the Sheriff, Houde, and Mrs. Brown, to restrain the sale, alleging the facts above stated.

The issues were tried before the court without a jury. Findings were filed and judgment ordered dismissing the action. Plaintiff made a case and moved to amend the findings and for a new trial. Both motions were denied, and he appeals.

*Taylor, Calhoun & Rhodes*, for appellant.

The north half of lots one and two were Lambert's homestead and exempt from lien of the Geissel judgment. Lambert conveyed them before they ceased to be his homestead. *Barton* v. *Brake*, 21 Minn. 299; *James* v. *Wilder*, 25 Minn. 305. The north half of lot four was not connected in any way with the north half of lots one and two, as the north half of lot three intervened and was not owned by the judgment debtor. This north half of lot four was sold under execution on the senior judgment of *Russell & Co.* v. *Lambert*. The proceedings on the sale are admitted to have been regular and the time to redeem expired without a redemption, or attempted redemption, by anyone save this plaintiff. He under his junior judgment redeemed. Under this state of facts, the lien of the Geissel judgment was cut off. *Lowry* v. *Akers*, 50 Minn. 508.

Plaintiff was the only one who attempted to redeem, and if his redemption was void, then the title would be in Trebby, the purchaser, and defendant's lien under the junior Geissel judgment would be cut off just the same. *Todd* v. *Johnson*, 50 Minn. 310; *Sardeson* v. *Menage*, 41 Minn. 314; *Wilson* v. *Hayes*, 40 Minn. 531; *Hervey* v. *Krost*, 116 Ind. 268; *Pearson* v. *Pearson*, 131 Ill. 464; *Tinkcom* v. *Lewis*, 21 Minn. 132; *Tice* v. *Russell*, 43 Minn. 66.

The plaintiff's judgment did not merge in the title he acquired by his deed from Kate Boyce. This case does not come within the law on the subject of merger. *Flanigan* v. *Sable*, 44 Minn. 417; *Horton* v. *Maffitt*, 14 Minn. 289, (Gil. 216;) *Marston* v. *Williams*, 45 Minn. 116; *Wilcox* v. *Davis*, 4 Minn. 197, (Gil. 139;) *Davis* v. *Pierce*, 10 Minn. 376, (Gil. 302.)

*A. P. Blanchard,* for respondents.

The redemption by plaintiff from Trebby was void, because the proper papers were not presented to the sheriff as required by 1878 G. S. ch. 66, § 325. Nor was the redemption money paid to the sheriff. He redeemed before the time to redeem, allowed to the holder of the Geissel judgment, had expired. Plaintiff says, "If this is true, the title to the half lot is still in Trebby, and our lien is cut off just the same." To this we reply, "If that is true, Sprandel has no title, and therefore cannot maintain this action. Plaintiff very properly claims that the certificate of redemption was *prima facie* evidence of the facts required to be stated therein. The production to the officer of the papers necessary to redemption is not required to be so stated, but the redemption is ineffectual until this is done. *Tinkcom* v. *Lewis,* 21 Minn. 132; *Horton* v. *Maffitt,* 14 Minn. 289, (Gil. 216.)

Sprandel's attempted redemption was void, because he redeemed within the time allowed by law to Jane M. Brown to redeem, the very person who is now objecting to his alleged redemption on that ground. And this is no mere irregularity, for Mrs. Brown having filed a proper notice of intention to redeem, had an absolute right to these five days in which to redeem. A lienholder has no more right to redeem within the five days allowed by law to a prior lienholder, than to redeem within the original year allowed the judgment debtor.

If the redemption money was paid to Trebby, he should have executed the certificate.

Sprandel, claiming under Lambert, must have redeemed within the year, and could not it seems to us, have redeemed as creditor, or in other words, as a holder of a lien upon his own property. Sprandel's former interest as judgment creditor, merged into his title as owner, when he became possessed of the fee by the deed from Kate Boyce. *Horton* v. *Maffitt,* 14 Minn. 289, (Gil. 216.)

DICKINSON, J. This action relates to the north half of lots 1, 2, 3, and 4, in block 31, of the township of Little Falls, in Morrison county, excepting the south seven feet of the north half of lot 4. Prior to 1887, one Lambert owned the property, as is alleged in the complaint. In April, 1883, a judgment in favor of Russell & Co.

against Lambert was docketed.    In October, 1883, one Geissell re-
covered and docketed a judgment against Lambert, and this judg-
ment seems to have been subsequently assigned to the defendant
Brown.    A third judgment against Lambert was recovered by the
plaintiff, and was docketed in 1885.    June 15, 1889, under execution
issued on the senior judgment, (of Russell & Co.,) the north half of
lot 4 was sold, one Trebby being the purchaser.    The plaintiff, by
virtue of his being a judgment creditor, under the third judgment,
duly redeemed from that sale June 20, 1890, as is alleged in the
complaint and found by the court.    No other redemption was made
or attempted.    The time for redemption having expired, the de-
fendant Brown was about to enforce the second (Geissell) judgment,
by sale of the premises under execution issued on such judgment,
when this action was instituted to restrain that proceeding, and to
have it adjudged that the second judgment was not a lien upon the
premises.    Upon the findings of fact in the District Court, its con-
clusion was that the plaintiff was not entitled to any relief.    It is
admitted that the plaintiff is the owner of all the property, subject
to any liens which may rest thereon by virtue of the judgments
against Lambert.

We will first consider the case merely as respects lot 4, which was
sold under the senior judgment.    The court found that "all the
allegations of the complaint are true as therein set forth," except
that (as the court found, among other things) the property was not
the homestead of Lambert.    The respondent must rest upon the
findings of the court as to the facts, and, it being found that the
plaintiff duly redeemed from the sale, it must follow, as a legal con-
clusion, (no other redemption having been made or attempted,) that
he thereby acquired the title to that part of lot 4 here in question,
and the lien of and right to enforce the second judgment against this
land was extinguished.    *Lowry* v. *Akers*, 50 Minn. 508, (52 N. W.
Rep. 922.)

The respondent contends that the alleged redemption on the
20th of June was one day before the plaintiff had a right to redeem,
and hence that it was void.    Granting that it was premature, it
would not necessarily follow that it was ineffectual, and the finding
of the court that the plaintiff did duly redeem must be taken as
conclusive.    The findings embrace the fact that the defendant

Brown, the holder of the second judgment, did not redeem or attempt to do so; hence it did not affect or prejudice her if the plaintiff's redemption was premature. If the defendant Brown did not choose to exercise her right of redemption, she cannot complain that the purchaser under the execution sale consented to a redemption by the plaintiff one day before the time prescribed by statute therefor. There is no merit in the point that while the consideration paid to redeem was paid directly to Trebby, the purchaser at the execution sale, the certificate of redemption was made, not by Trebby, but by the sheriff; hence we conclude that the defendant Brown had no right to enforce her judgment by a sale of lot 4 on execution, and the court erred in not granting relief to the plaintiff.

We will now consider the case as respects the north half of the other lots, 1, 2, and 3. The complaint alleges that Lambert owned this real estate when the defendant's judgment was recovered and docketed, and that it was the "exempt homestead" of Lambert, until he sold and conveyed it. The answer admitted that Lambert had owned the north half of lots 1, 2, and 4; that he had resided on lot 1; and that he had claimed to own also the north half of lot 3, but had no valid claim of title thereto. Lot 3 separated lot 4 from the other two lots. At the commencement of the trial it was admitted that Lambert had owned the north half of lots 1, 2, and 4, and claimed to own the north half of lot 3; that he conveyed to one Boyce, who conveyed to the plaintiff; that Lambert resided on the north half of lots 1 and 2 from September, 1878, until August 25, 1887; and that, since the occupancy and deed from Lambert, the "original title" to the north half of lot 3 had been purchased by the plaintiff. Construing these admissions in connection with the issues made by the pleadings, and considering that the purpose of the admissions was to lay the facts of the case before the court, and avoid the necessity for proof upon the controverted points, so far as they were covered by the admissions, we regard the admissions as embracing, among other things, the agreement of the parties that Lambert did not own lot 3, and that he resided on lots 1 and 2 for some nine years prior to and until his conveyance through which the plaintiff acquired title. This showed, at least *prima facie,* that the north half of lots 1 and 2 constituted the homestead of Lambert, and, this being wholly unopposed and unqualified, we

think that the court should have so found. It should be added, however, in justice to the learned judge who tried the case, that it seems to have been so presented that it is not surprising that the findings are found to have been erroneous. If lots 1 and 2 constituted the homestead of the judgment debtor, they were exempt from the lien of the judgment sought to be enforced by the defendant, and never became subject to sale under the execution. As lot 3 was not owned by Lambert, his homestead was limited to the north half of lots 1 and 2, which, as we understand, did not exceed the quantity of land which he was entitled to hold as a homestead.

Order reversed.

(Opinion published 56 N. W. Rep. 34.)