## A. M. KNIGHT v. WILLIAM SCHWANDT.[1]

December 28, 1896.

Nos. 10,262—(196).

### Estoppel—Mortgage Foreclosure—Redemption—Equitable Title.

B., a married woman, whose husband had deserted her, owned a tract of land subject to a mortgage which had been foreclosed. Her agent, to whom she had intrusted all negotiations for the sale of her equity of redemption, represented to defendant that her husband was dead. Relying upon this representation, defendant accepted her sole deed, paid her $200 therefor, and subsequently redeemed from the mortgage sale by paying $764, which the purchaser at such sale accepted and retained without objection. Several years afterwards, it having been ascertained that B.'s husband was still living, plaintiff obtained a quitclaim deed from him and his wife, and also another quitclaim deed from the purchaser at the mortgage sale, both for nominal considerations, and upon these muniments of title brought ejectment against the defendant. *Held*, upon these facts, that while the deed from B. to defendant was void, and therefore defendant not a legal redemptioner, yet the redemption by him amounted to an equitable assignment of the interest of the purchaser acquired under the mortgage sale; and that, upon the expiration of the time of redemption, the defendant became. the equitable owner of the premises, and the purchaser at the mortgage sale a trustee for him of the bare legal title; and that both B. and such purchaser, as well as plaintiff,

1 Reported in 69 N. W. 626.

their grantee, who bought with notice of defendant's rights, are estopped from asserting that the redemption by defendant did not thus operate as an assignment.

Appeal by plaintiff from a judgment of the district court for Big Stone county in favor of defendant, entered in pursuance of the findings and order of C. L. Brown, J. Affirmed.

*Little & Nunn*, for appellant.

*F. L. Cliff*, for respondent.

MITCHELL, J. Ejectment. One Mrs. Beardsley, a married woman, was formerly the owner of the premises in dispute. The land was incumbered by a mortgage for $500 and interest, executed by her and her husband. Her husband had deserted her and left the country about a year before. The mortgage had been foreclosed, and she was unable to redeem, and for that reason desirous of selling her equity of redemption. She was sojourning at the house of her brother-in-law, one Frazer, to whom she intrusted, and who in fact conducted, all the negotiations for a sale of her interest to the defendant. In the course of these negotiations Frazer stated and represented to defendant that Beardsley was dead, and upon the faith of and in reliance upon such representation, and the consequent belief that Mrs. Beardsley's sole deed would be valid, defendant, on September 29, 1890, accepted her quitclaim deed of the premises, for which he paid her $200. Believing himself to be the owner of the equity of redemption, defendant, on September 25, 1891, paid to the sheriff $764, the amount necessary to redeem, and obtained a certificate of redemption, which was duly recorded.

Without going into particulars, we are satisfied that the evidence, including the subsequent conduct of the purchaser at the mortgage sale with reference to the land, amply justified a finding that it (the Investment Guaranty Trust Company) received, accepted, and retained this money without objection to defendant's right to redeem. It turned out that Beardsley was not dead, but was out in the state of Washington. Thereupon, in February, 1895, the plaintiff procured from Beardsley and wife (the latter living in Wisconsin) a quitclaim deed of the premises, and from Mrs. Beardsley an assignment of the right of action against defendant for the rents and profits of

the land from the time he had gone into possession in 1890. The expressed consideration for this quitclaim was $25. About the same time plaintiff obtained from the Investment Guaranty Trust Company a quitclaim deed of the premises for the expressed consideration of one dollar, and upon these muniments of title brought this action.

Counsel for plaintiff in their brief dwell at some length upon the alleged inconsistent positions taken by the trial court in the line of reasoning adopted in support of his conclusions of law; but this, if true, is immaterial, if the court has arrived at the right result. The contentions of the plaintiff are—First, that the quitclaim from Mrs. Beardsley is absolutely void; second, if the redemption by defendant was effectual to annul the mortgage sale, then he has good title under his quitclaim from Beardsley and wife; third, but if such redemption was wholly nugatory for any purpose, then title ripened in the purchaser at the mortgage sale, and he has good title under his quitclaim from such purchaser. While these positions are plausible, they, in our judgment, are as fallacious as they are inequitable.

It must be conceded that the sole deed of Mrs. Beardsley to the defendant was void. It may also be conceded that she would not be estopped to assert that fact by the representation of herself or her agent that she was a single woman. But there are respects in which a married woman may be estopped by her conduct as well as a single woman. See Dobbin v. Cordiner, 41 Minn. 165, 42 N. W. 870. It is one thing to hold that she would be estopped by representations that she was single, so as to deprive her of title which she already had, and an entirely different thing to hold that she is estopped by her conduct from acquiring title which, but for such conduct, she never would have acquired. The latter is just this case.

Through the representations of her agent that she was single, defendant was induced, not merely to accept her sole deed, and pay her $200, but also to pay out $764 for the purpose of redeeming from the mortgage sale, but for which all her interest in the land would have been extinguished on the expiration of the time of redemption, two days afterwards. And yet the plaintiff, her grantee, who stands in her shoes, while asserting that her deed to defendant was absolutely void, and hence that defendant was not a legal redemptioner, is claiming the benefit of this redemption as having annulled the mortgage sale, and vested a clear title in his grantor.

Conceding, as we must, that defendant was not a legal redemptioner, it does not follow that his redemption is nugatory as to the purchaser at the mortgage sale, which accepted and retained his money. Under such circumstances, equity will hold the "redemption" either as having the effect of annulling the sale, or of an assignment of the interest of the purchaser at such sale, according as the one or the other will be most equitable, and most for the interest of the party making the so-called "redemption." Under the facts of this case, we have no doubt that equity should, and would, hold it to amount to an equitable assignment, so that, upon the expiration of the time of redemption, defendant became the equitable owner of the premises, and that thereafter the purchaser at the mortgage sale held the bare legal title as trustee for the defendant. Plaintiff, not being an innocent purchaser without notice, stands in no better position. And Mrs. Beardsley, as well as plaintiff as her grantee, is estopped from asserting that such was not the effect of defendant's redemption. Plaintiff has no standing in law, and he certainly has none in good morals.

Judgment affirmed.