A. J. FINNEGAN v. PETER EFFERTZ and Another.[1]

June 26, 1903.

Nos. 13,545—(156).

**Mortgage—Premature Redemption.**

> Where a junior mortgagee, within the year allowed for redemption from a foreclosure sale under the power contained in a senior mortgage, files notice of his intention to redeem from the sale, in accordance with the provisions of G. S. 1894, § 6044, and thereupon, and within the year, pays the amount due and necessary to redeem to the sheriff, receives a certificate of redemption from such sheriff in the form prescribed in section 6043, and duly places it upon record, and the purchaser at the sale accepts the money from the sheriff, thus acquiescing in a premature redemption, and no subsequent redemption is made or attempted, the transaction amounts to an equitable assignment of the sheriff's certificate of foreclosure sale, and of the purchaser's rights and interests therein, and thereby acquired, to the redemptioner, and, upon the expiration of the period prescribed by law for redemption, the title to the premises becomes vested in him.

Action in the district court for Meeker county to determine the adverse claim of defendant to certain real property. The case was tried before Qvale, J., who found in favor of defendant. From an order denying a motion for a new trial plaintiff appealed. Affirmed.

*A. J. Finnegan,* pro se.

Does the doctrine of subrogation apply in this case, and if so to what extent does it apply? Was the defendant Effertz by payment of the amount due on the foreclosure sale of the Cabot mortgage, with interest to the time of said redemption, subrogated to the rights which Lucy T. Cabot would have in said land, provided no redemption had been made from said sale? Or was said Effertz by making said redemption within the year allowed plaintiff in which to redeem subrogated to the right in the debt secured by the mortgage? Or was said Effertz by making said redemption a volunteer, who has paid the debt of the plaintiff, without any right of subrogation thereto? The court must find in this case that said defendant Effertz was not entitled to an as-

[1] Reported in 95 N. W. 762.

signment of the sheriff's certificate. All that defendant Effertz should ask, or be allowed to receive, is the amount which he was obliged to pay, and did actually pay to protect his second mortgage, should the court find that a consideration moved from defendant Effertz to plaintiff for said mortgage, in addition to the amount of his second mortgage and interest thereon as provided in said mortgage.

*P. W. Morrison,* for respondents.

COLLINS, J.

This was an action to determine adverse claims brought by the plaintiff, who, as owner of the land, executed and delivered first and second mortgages thereon to different mortgagees in the year 1896; and the only question to be considered is the legal effect of an alleged redemption by the junior mortgagee, defendant Effertz, from a foreclosure sale made under the power contained in the senior mortgage.

The sale took place on September 23, 1897, and the senior mortgagee was the purchaser thereat. On August 8, 1898, the junior mortgagee filed a notice of his intention to redeem from this sale in the office of the register of deeds, where the mortgage was recorded, in strict accordance with the provisions of G. S. 1894, § 6044, and upon the same day paid to the sheriff of the county the amount required by law for a redemption from this sale; and thereupon the sheriff executed to him the certificate of redemption provided for in section 6043, which was duly filed and recorded. The redemption was made in good faith by the junior mortgagee for the sole purpose of protecting his own interest, and at a time when he had good reason to believe that the mortgagor did not intend to redeem. The sheriff thereupon paid over to the first mortgagee (purchaser at the sale) the full amount due to her up to the day of redemption, and she accepted the same, thus consenting to the redemption; and she has ever since acquiesced in the transaction, thus waiving any objection she might have had to a redemption prematurely made. The plaintiff within two months from the time of this transaction had full notice and actual knowledge of the fact that the junior mortgagee had filed a notice of redemption; that he had paid the required sum in full redemption from the sale, and had received the sheriff's certificate as provided by law. He has never offered to pay or tendered payment of any amount whatever to the junior mortgagee,

this defendant, and he made no claim upon the land of any character until some time subsequent to March 22, 1901, at which time the defendant, second mortgagee, sold and conveyed the premises to defendant Krause, who was an innocent purchaser for value.

Upon these findings of fact, the conclusions of law of the court below were that the transaction which terminated in the acceptance of the redemption money by the purchaser at the foreclosure sale, and her subsequent acquiescence in a premature redemption, operated as an equitable assignment of the certificate of the foreclosure sale, and all of the purchaser's rights and interest thereby acquired, to the second mortgagee; that the mortgagor, having failed to redeem within the statutory period of twelve months, waived all right to redeem, and had also abandoned any claim he may have had in or to the premises; and that the title to the same became vested in defendant Effertz at the expiration of the redemption period.

The junior mortgagee had the strict legal right to redeem under and in compliance with the provisions of section 6044, for he was a creditor having a lien, within the meaning of that section. Nopson v. Horton, 20 Minn. 239 (268). But he had no legal right of redemption until after the expiration of the twelve-months period given to the mortgagor, his heirs, executors, administrators, or assigns to redeem, under the provisions of section 6041. But it does not follow that because this right to redeem was asserted by him, acknowledged by the sheriff, as an officer of the law, acting for the purchaser at the foreclosure sale, and was made some forty-five days before the right actually matured, under section 6044, and was in fact premature, he was nothing but an interloper or volunteer, and acquired no rights whatsoever in the premises. Nor does it follow that because it was held in Cuilerier v. Brunelle, 37 Minn. 71, 33 N. W. 123, that a mere lien creditor cannot redeem within the twelve-months period, and that the attempt to redeem made by the plaintiff in that case was abortive, the act of the second mortgagee in this particular instance must be held invalid and ineffectual as a redemption.

Here it will be noted that Effertz, the junior mortgagee, properly filed notice of his intention to redeem; that his asserted right of redemption was acknowledged by the sheriff; that the money was paid to him; that the certificate of redemption was actually executed and immedi-

ately recorded; that the purchaser at the foreclosure sale waived the objection she might have made, that the redemption was premature, by actually accepting the money; and, further, that the rights of no other party were interfered with in any degree. The condition which we have in this case was in mind, evidently, when the decision in the Cuilerier case was written. There the question arose upon demurrer to the complaint, and the concluding paragraph of the opinion was as follows:

> "The facts stated in the complaint do not call on us to decide what would be the effect of such an attempt, if the purchaser should actually receive the money; nor whether, when it will interfere with the rights of no one else, he may waive the objection that the attempt to redeem was premature."

In this paragraph is a clear intimation that, while a junior mortgagee has no legal right to redeem within the year, a redemption during that period may be permissible and effectual if the redemption money has been accepted and received by the purchaser at the sale, without objection, and there has been no actual interference with the legal rights of other parties. In other words, it was intimated that the objection that the redemption was premature may be waived. It certainly may be waived by the purchaser at the mortgage sale, and undoubtedly is waived, if, as in this case, he accepts the amount due and paid in redemption. Unquestionably, it may be waived by a junior creditor, if within the twelve-months period he files notice of his intention to redeem under section 6044, and thereafter, and within the five days fixed by the statute, pays his money, and it is accepted by one who has previously made redemption. And so on through the category of parties entitled to redeem. Each and all may waive their strict legal rights, and by their acts confirm what would otherwise be fatal irregularities, because not permitted by the statute. There is no reason for holding that the mortgagor may not waive any rights he may have had to question a premature redemption by redeeming in his own behalf, within the statutory period, or by totally failing to exercise his right to redeem within that time.

In this particular instance it conclusively appears that the rights of no one were jeopardized, interfered with, or lost by the redemption

actually made. The conclusion of the trial court was correct, and was in strict accordance with the views expressed by the court in Sprandel v. Houde, 54 Minn. 308, 56 N. W. 34. There, three judgments had been docketed against the owner of certain land, and it was sold under execution issued on the first judgment. The holder of the third judgment redeemed one day earlier than he was entitled to, but no other redemption was made or attempted. It was held that the redemptioner acquired title to the land, and that the holder of the second judgment lost his lien and right to enforce the same by execution as against the same land. The court determined that the holder of the second judgment was not prejudiced by the fact that the third judgment creditor exercised his right of redemption prematurely, because he made no attempt to redeem for himself, and, further, that the redemption was valid, because the person from whom it was made had acquiesced in its being made. See also Knight v. Schwandt, 67 Minn. 71, 69 N. W. 626.

It might further be noticed that in this case the plaintiff mortgagor was advised of the redemption immediately after it was made, and that for three years thereafter he asserted no rights, and took no steps to protect his interest. He, too, apparently acquiesced in the redemption as made, and, even if he had a reasonable time thereafter in which to assert a right to redeem, it must be held, as a matter of law, that he has waived and abandoned it.

Order affirmed.