EDSON L. LAYTHE and Another v. MINNESOTA LOAN & INVESTMENT COMPANY and Others.[1]

May 24, 1907.

Nos. 15,116—(66).

**Equitable Relief.**

Equitable relief is not granted as a matter of course, but only when an adequate appeal has been made to the court, and such facts have been shown as to bring the case within a recognized principle of equitable jurisdiction.

**Cancellation of Deed.**

The mere fact that a transfer of a land contract to a mother by a married daughter was invalid, because not also signed by the latter's husband, does not entitle the husband and wife to have the deed set aside in equity and the title confirmed in the wife, where it appeared that the mother, in fairness, should have held the legal title.

Appeal by plaintiffs from an order of the district court for Nobles county, Quinn, J., acting in behalf of the judge of the Thirteenth judicial district, denying a motion for a new trial. Affirmed.

Substantially in the language of the findings of the trial court, the facts in this case are as follows: This is an action brought by the

[1] Reported in 112 N. W. 65.

plaintiffs, wherein they ask that a certain deed be canceled, and for judgment compelling the defendants Dayton to convey to the plaintiff Isabel D. Laythe the land described in the complaint, subject to certain mortgages thereon. The plaintiffs are, and since the 30th day of December, 1902, have been, husband and wife. The defendant Boberg is the administrator of the estate of Jane Shanks, deceased, who died on the 14th day of November, 1904, leaving her husband, William Shanks, and her children, the plaintiff Isabel D. Laythe and the defendants Lizzie Herr, James Shanks, Selena J. Vail, William N. Shanks, Jr., and John Shanks, as her survivors and heirs at law. During all the time from the 17th day of September, 1898, until the 4th day of January, 1904, both inclusive, the Minnesota Loan & Investment Company was the owner of the land described in the complaint, the title to which was in the name of its president, the defendant George D. Dayton. During all the times here in question prior to November 14, 1904, Jane Shanks, now deceased, and her husband, William Shanks, resided with their children upon a farm near the land here in question, and occupied, farmed, and tilled, in the usual course of husbandry, the land here in question. They all lived at home together as one family, and their earnings and income were all put into one general fund, out of which they supported themselves and saved what they could to pay upon the purchase price of the land in question. On the 17th day of September, 1898, the Minnesota Loan & Investment Company entered into a contract in writing with Jane Shanks, her husband, William Shanks, and their children, Isabel D. Shanks and William Shanks, agreeing to sell to them the land here in question at the agreed price of $3,500 in deferred payments, with interest at eight per cent. per annum, payable semiannually. The payments upon this contract were made from the general fund until the 1st day of July, 1901, when that contract, by mutual consent of all the parties thereto, was surrendered to George D. Dayton, and another contract, in which the plaintiff Isabel Shanks was named as vendee, was executed, without any new consideration, in lieu thereof, except the surrendering of the original contract. The payments upon the latter contract were made from the same general fund until the 18th day of September, 1903, when Isabel D. Laythe, who is the same person as Isabel D. Shanks above mentioned, signed

and executed an assignment of said contract, and thereby transferred to her mother all her interests in the tract of land, and directed the investment company to issue a deed to her mother upon her compliance with the terms of the contract. On the 4th day of January, 1904, George D. Dayton, his wife joining, executed and delivered to Jane Shanks a warranty deed in the usual form, thereby conveying to her the premises here in question, which deed was thereafter duly recorded. At the time the deed was executed Jane Shanks and her husband executed certain mortgages upon the premises, the validity of which is not questioned. The proceeds of these mortgages were applied in part payment of the amount then owing upon the contract last described, and at the time of the execution of the deed above referred to was surrendered to Dayton. At the time of the marriage of the plaintiffs, in December, 1902, the plaintiff, Isabel D. Laythe, ceased to live at home or to contribute to the general fund above referred to, nor did she thereafter contribute to any payment made upon the contract.

The court concluded as a matter of law that the plaintiffs were not entitled to the relief asked for, and dismissed the cause. Plaintiffs moved for additional findings which the court denied. Thereupon plaintiffs moved for a new trial, which the court also denied. From that order this appeal was taken.

*Geo. W. Wilson & Son,* for appellants.

*Town & Jones,* for respondents.

JAGGARD, J. (after stating the facts as above).

An examination of the record has satisfied us that, within the familiar rule on this subject, it sustains the findings of the trial court. The situation, then, was this: The title to the land stood in the mother's name before her death, as in good conscience it should have stood. The daughter and her husband seek to set aside the deed to the mother, and to secure an unfair advantage of the other heirs, because the husband did not sign the transfer of the contract to the mother, whereby that assignment was avoided. G. S. 1894, § 5532. It is wholly immaterial that defendants can claim no resulting trust under section 4280, G. S. 1894, and no interest in land under section 4213. Nor need the defendants invoke the doctrine of estoppel, al-

though courts of equity are watchful to see that this particular technicality—the failure of the husband to join in his wife's deed—does not operate prejudicially to innocent persons misled with respect to it. See Knight v. Schwandt, 67 Minn. 71, 69 N. W. 626; Dobbin v. Cordiner, 41 Minn. 165, 42 N. W. 870, 4 L. R. A. 333, 16 Am. St. 683. For it is elementary that equitable relief is not granted as a matter of course, but only when an adequate appeal has been made to a court, and such facts are shown as to bring the case within a recognized principle of equitable jurisdiction. What the plaintiffs have here presented is not sufficient for that purpose. On the contrary, the ends of justice would seem to have been subserved by the refusal of the court to interfere with the situation created by the parties themselves.

Order affirmed.