COWIE, Appellant, vs. NATIONAL EXCHANGE BANK OF WAU-
KESHA, Respondent.

*October 3—October 24, 1911.*

*Judgments: Assignment: Principal and agent: Apparent authority
to direct application of moneys: Husband and wife.*

1. The assignee of a judgment takes it subject to the equities be-
tween the parties.
2. Where the statute—sec. 2906, Stats. (1898)—provides a mode
of assigning judgments, its requirements must be followed in
order to secure to the assignee any rights which depend solely
on the statute; but such statute is not exclusive and does not
prevent the making of an assignment, good at least between
the parties thereto, in any other lawful manner, and the
equitable interest of such an assignee will be protected.
3. Where a husband had agency powers concerning his wife's prop-
erty broad and general enough to include the power to direct
a bank in what manner to apply the surplus fund arising from
the collection of a judgment assigned to the wife, and the bank,
having no notice from the transaction itself or otherwise of
any limitation upon this power, made the application as di-
rected, in good faith and in reliance upon the husband's ap-
parent authority, the wife is bound thereby even though, in
giving the direction in question, the husband exceeded his
actual authority.

APPEAL from a judgment of the circuit court for Waukesha
county: MARTIN L. LUECK, Circuit Judge.  *Affirmed.*

*C. E. Armin,* for the appellant.

For the respondent there was a brief by *Merton, Newbury
& Jacobson,* and oral argument by *M. A. Jacobson.*

TIMLIN, J.   F. G. Cowie, the husband of appellant, owned
a claim for $3,250 against the estate of John A. Rice, de-
ceased, which had been duly allowed by the county court and
was in effect a judgment of that court.   On April 6, 1908,
desiring to borrow $2,000, he executed an assignment of this
judgment to T. E. Ryan.   Thereafter on the same day Ryan

assigned the judgment to the respondent bank, and at the
same time Cowie executed his note for $2,000 to the respond-
ent, which note recited that the payment thereof was secured
by assignment of the judgment, a copy of which was attached
and another copy on file in the office of the county judge.
Later on the same day Ryan executed and delivered to Cowie
an instrument in writing acknowledging the assignment of
the said judgment to be used as collateral security for the
payment of a certain note for the sum of $2,000, and agree-
ing, upon payment of the note with interest and any legal
charges, he would re-assign and convey to said F. G. Cowie,
or such person as Cowie should direct, the said judgment and
all benefit under the same, unless the judgment should have
been collected, and in that case he would pay over to Cowie,
his heirs or assigns, all of the surplus arising from said judg-
ment after the payment of the said $2,000 and costs.　Later
on the same day Cowie assigned to C. E. Armin all of the
surplus and residue arising from said judgment after the pay-
ment of this note, and on May 6, 1908, Armin assigned and
transferred to the appellant, *Mrs. Cowie,* all his right, title,
claim, and interest in and to this judgment.　At the time last
mentioned appellant executed her note to the respondent for
$2,000 with other security collateral thereto, and gave about
$1,200 of the money received thereon to her husband.　On
May 29, 1908, the judgment, then amounting to $3,277.08,
was paid to the bank by the estate of Mr. Rice.　Out of this
the bank paid the first note in question, amounting to
$2,017.67, and carried the remainder of $1,259.41 in the
cashier's account.　On June 18, 1908, there was paid on the
note of May 6th, by application thereon of the surplus pro-
ceeds of this judgment less $300, $959.41.　*Mrs. Cowie* also
paid $790.04 on May 19, 1909.　If the whole of the surplus
proceeds of the judgment aforesaid had been applied on the
note of *Mrs. Cowie* this note would have been substantially
paid.　Neither of the assignments of the judgment was acknowl-

edged as required by statute, sec. 2906, Stats. (1898). *Mrs. Cowie* brought this action of replevin for her note, claiming there should have been applied as of June 18, 1908, or as of May 29, 1908, the whole surplus proceeds of the judgment in question, viz., $1,259.41, which would have paid the note.

Evidence was offered tending to show that at the time of the assignment of the judgment to Ryan the then owner of the judgment, F. G. Cowie, ordered Ryan to pay one Buckley $500 out of the avails of that judgment left after paying the $2,000 note of F. G. Cowie. By the first question of the special verdict the jury found this to be true. There was evidence tending to show that Ryan advanced $300 to Buckley relying upon this order of F. G. Cowie, and also tending to show that the latter later ratified this payment but forbade further payments to Buckley. Evidence also tended to show that Cowie authorized the bank on or about June 18, 1908, to transfer the surplus funds arising from the payment of this judgment, $300 to the account of Ryan to reimburse the latter for what he advanced Buckley, and the remainder to be applied on *Mrs. Cowie's* note of May 6th. By the answer to the second question of the special verdict it was found that *Mrs. Cowie* did not ratify this payment of $300 made by Ryan to Buckley, and by the answer to the third question that she did not direct F. G. Cowie as her agent to direct the defendant bank to transfer $300 of the fund in question to T. E. Ryan. There was evidence to support these two answers of the jury. The bank did on June 18, 1908, transfer $300 of this fund to T. E. Ryan and applied $959.41 on the note of *Mrs. Cowie*. By the fourth question of the special verdict the jury found that F. G. Cowie, as the agent of the appellant, authorized the respondent bank to transfer this $300 to T. E. Ryan. The case turns on this finding, because the fact established by the first question of the special verdict, namely, that Cowie did authorize Ryan on April 6, 1908, to pay Buckley, is neutralized by the uncontroverted fact that

later on the same day Ryan executed and delivered to Cowie the instrument mentioned, agreeing that in case the judgment should have been collected he would pay over to Cowie or assigns all of the surplus arising from said judgment after the payment of the first $2,000 note. The situation as regards the bank and F. G. Cowie was therefore on June 18, 1908, as follows:

The appellant, whose interest in the judgment originated May 6, 1908, does not claim that she personally gave any direction to the bank concerning the application of the moneys realized on this judgment. She offered her husband as a witness in her behalf and he testified to very general agency powers possessed and exercised by him as agent of his wife. He further testified that as agent for his wife he ordered the bank to apply the amount realized on the judgment in question, over and above what was necessary to pay his note of $2,000 and interest, on his wife's note of $2,000 of date May 6, 1908, and also testified to facts tending to show that on the last mentioned date the bank had notice of the assignment of Armin to the appellant. Appellant claims under this direction and recognizes her husband's agency so to direct, but other witnesses testified that on the occasion when the husband gave direction to the bank with reference to this surplus these directions were that $300 of the surplus should be transferred by the bank to Ryan on account of the Buckley claim, and the remainder on the note of the appellant. By the fourth question of the verdict it has become a verity that F. G. Cowie did, as agent for his wife, direct the bank to so turn over this $300 to the account of Ryan. The third question of the verdict does not find that *Mrs. Cowie* forbade him to do so, but merely that she did not direct him so to do. It is the case, therefore, at best of an agent exceeding his actual authority. It does not appear that the bank had any knowledge of the contract of April 6, 1908, from Ryan to F. G. Cowie. It had knowledge that the latter was the judgment

creditor and that he had assigned the judgment to Ryan by absolute assignment and that Ryan had then assigned it to the bank as collateral security, and we may assume that, as claimed by appellant, the bank also had knowledge that there was a third assignment by F. G. Cowie to Armin and by the latter to the appellant. The assignee of a judgment takes subject to the equities between the parties. *Blakesley v. Johnson,* 13 Wis. 530; *Fischbeck v. Mielenz,* 119 Wis. 27, 96 N. W. 426.

At common law a judgment was not assignable so as to vest the legal title in the assignee, but such an assignment will operate to vest an equitable interest which the law will protect. 23 Cyc. 1413. Where the statute provides a mode of assigning judgments its requirements must be followed in order to secure to the assignee any rights which depend solely on the statute; but such statute is not regarded as exclusive and does not prevent the party from making an assignment, good at least between the parties thereto, in any other lawful way. To the respondent, therefore, it appeared that Mr. Ryan had some interest in this judgment as well as *Mrs. Cowie.*

This fairly presents a case where the husband, as agent of the wife, had quite a general authority with respect to her separate property or business, including the power to give directions to the bank regarding the application of the surplus money in question. He directed its application in such a way that it was not apparent to the bank that he was paying his own debt therewith or wrongfully converting any of the proceeds, because Ryan had some apparent although not real interest in the judgment. The act was within Cowie's apparent authority, and the respondent in reliance thereon parted with the $300. The apparent incidental authority of an agent, so far as it affects parties who in good faith without negligence deal with the agent, cannot be limited even by secret instructions from the principal forbidding its exercise. *McDermott v. Jackson,* 97 Wis. 64, 71, 72 N. W. 375; *Kasson*

*v. Noltner,* 43 Wis. 646; *Young v. Wright,* 4 Wis. 144; *Bouck v. Enos,* 61 Wis. 660, 21 N. W. 825; *Lavassar v. Washburne,* 50 Wis. 200, 6 N. W. 516.

We conclude that there is evidence to support the fourth finding of the jury, and that a case is presented where F. G. Cowie, the husband, had agency powers concerning his wife's property broad and general enough to include the power of directing the bank in what manner to apply the surplus fund in question, and hence that his direction to apply the $300 to the account of Mr. Ryan was binding upon her because embraced within the general scope of his agency and because the bank had no notice from the transaction itself or otherwise of any limitation upon this power which would confine it to directing the application of such surplus upon the note of *Mrs. Cowie,* which was not then due and which was otherwise secured.    It follows that the judgment must be affirmed.

*By the Court.*—Judgment affirmed.