JASON GULLIHER *et al.*

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

WITNESS—*impeachment by contradicting his statements.* If a witness, whether defendant in a criminal proceeding or not, has sworn wilfully and knowingly false on any material matter, his whole evidence may be rejected, so far as it is not corroborated. But the mere fact that he is contradicted as to some material matter, is not enough to warrant the rejection of his testimony, unless the jury may believe he has sworn falsely and knew it to be false.

WRIT OF ERROR to the Circuit Court of Knox county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Messrs. WILLIAMS, McKENZIE & CALKINS, for the plaintiffs in error.

Mr. J. J. TUNNICLIFF, State's Attorney, for the People.

10—82D ILL.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an indictment against plaintiffs in error, for robbery, upon which they were convicted.

On the trial, Foote was sworn as a witness, and testified to matters which, if true, tended to rebut the proofs of the prosecution in material matters relating to himself and to his co-defendant. He was, however, in this contradicted by other witnesses.

The court gave to the jury the following instruction:

" The court instructs the jury that while, under the statute, the defendants are permitted to testify, their credibility is left to the jury; and if the jury believe that the defendant, Alfred F. Foote, has sworn wilfully false, or been contradicted on a material point, then the jury have a right to disregard his whole testimony, unless corroborated by other testimony."

Exception was taken by each of the plaintiffs in error to this ruling of the court.

The instruction was clearly erroneous. When analyzed, it plainly tells the jury that, " if they believe, from the evidence, that Alfred F. Foote has been contradicted on a material point, then the jury have a right to disregard his whole testimony, unless corroborated by other testimony." This is not the law. The defendant in a criminal prosecution, in this respect, when he testifies, must be tried, as a witness, by the same rules which prevail as to other witnesses.

If the witness, whether defendant or otherwise, is shown, by proofs, to have sworn wilfully and knowingly false on any material matter, his evidence may be rejected, so far as it is not corroborated. Of course his interest in the result goes to his credibility, which the jury are to weigh. The mere fact, however, that he is contradicted as to some material matter, is not enough to warrant the rejection of his evidence altogether, unless the jury believe that, as to the matter in which he has been thus contradicted, he has sworn falsely, and knew his evidence was false.

There is no force in the other objections urged by plaintiffs in error.

For this error, the judgment and verdict must be set aside, and the cause remanded for a new trial.

*Judgment reversed.*