THE CHICAGO CITY RAILWAY COMPANY

*v.*

PATRICK RYAN.

*Opinion filed February 21, 1907.*

1. INSTRUCTIONS—*when instruction involving impeachment of witness should not be given.* An instruction informing the jury of their right to disregard the uncorroborated testimony of any witness in the case who they believe has been "successfully impeached" or has willfully sworn falsely to any material matter should not be given, if there is no instruction given telling the jury what "successfully impeached" means; but the giving of the same is harmless error if there is, in fact, no material contradiction of the testimony of any witness.

2. SAME—*when an instruction does not limit exercise of care to moment of injury.* An instruction stating that by ordinary care the law means such a degree of care, under the circumstances and in the situation in which the plaintiff was placed *at the time,* so far as that may be shown by the evidence, if it is so shown, as an ordinarily prudent or careful person would exercise under like or similar circumstances, does not limit the exercise of ordinary care to the precise moment of the accident.

3. WITNESSES—*a witness is not impeached merely because he is contradicted.* A witness who is contradicted as to a material matter or is shown to have made statements at another time inconsistent with his testimony is not impeached, in the technical sense of that term, unless the jury believe, from the contradiction or from the proof of the inconsistent statement, that he has willfully sworn falsely as to the material matter with reference to which he is contradicted or has made inconsistent statements.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. E. E. NEWLIN, Judge, presiding.

WILLIAM J. HYNES, SAMUEL S. PAGE, and WATSON J. FERRY, (MASON B. STARRING, and W. E. WILLIAMS, of counsel,) for appellant.

F. H. TRUDE, and J. K. MCMAHON, for appellee.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the court:

Appellee, in the circuit court of Cook county, recovered a judgment against appellant in the sum of $5000 for personal injuries. That judgment has been affirmed by the Appellate Court for the First District, and the cause comes to this court by appeal.

The injuries resulted from a collision between a wagon in which appellee was riding and one of appellant's street railway cars, at the intersection of Fifty-fifth street and Madison avenue, in the city of Chicago, as appellee was attempting to drive across appellant's track in front of an approaching train. The declaration consisted of two counts. The negligence charged in the first was carelessness of appellant's servants in operating the train. The second charges the same negligence and in addition avers that the train, at and immediately before the collision, was being propelled at a high rate of speed; that no bell was rung or other warning given of its approach; that its speed was not slackened, and no attempt was made to slacken its speed, for the purpose of preventing the collision. The plea interposed was the general issue.

At the close of all the evidence appellant moved the court to direct a verdict in its favor. The denial of that motion is questioned by a proper assignment of error. The only question thus presented is, was there evidence which fairly tended to prove all the material averments of the declaration? It is entirely clear from an examination of the abstract that the testimony of appellee and the witnesses called in his behalf requires that this question be answered in the affirmative. The substance of this evidence is set out in the opinion of the Appellate Court in this case. It is unnecessary to repeat it here.

Appellant complains of the action of the court in giving the seventh instruction asked by appellee, which reads as follows:

"The court instructs the jury, as a matter of law, that if you believe, from the evidence, that any witness or witnesses have been successfully impeached on this trial or that he or they have willfully sworn falsely as to any matter or thing material to the issues of this case, then the jury are at liberty to disregard his or their entire testimony, except in so far as it has been corroborated, if it has been corroborated, by other credible evidence or by facts and circumstances proved on the trial."

The only basis for this instruction, in so far as it refers to a witness or witnesses who "have been successfully impeached," is found in the alleged fact that those who spoke for appellant were contradicted by those who testified against it, and in the further fact that the testimony of one witness was admitted showing that appellant's witness, the gripman, Olson, had made statements at another time which are regarded by the appellant as being inconsistent with his sworn testimony.

We think this instruction should not have been given in this case as no instruction was given telling the jury what "successfully impeached" means. The jury should not have been left to determine the meaning of that term for themselves. Strictly speaking, the words "successfully impeached," when used in this connection, mean no more than the word "impeached." If a witness is impeached at all he is successfully impeached, while an attempt to impeach may, of course, be either successful or unsuccessful. (30 Am. & Eng. Ency. of Law p. 1063; *Powell* v. *State,* 101 Ga. 9; *Smith* v. *State,* 109 id. 479; *Commonwealth* v. *Welch,* 111 Ky. 530; *Beedle* v. *People,* 204 Ill. 197.) The word "impeached," however, is frequently used as synonymous in meaning with the words "attempted to impeach." Where a witness is contradicted as to a material matter, or evidence is offered showing that he has made statements at another time inconsistent with his testimony as to a material matter, he is not thereby impeached, according to the more restricted significance of the

word, unless the jury believe from the contradiction, or from the proof of inconsistent statements made at another time, that he has willfully sworn falsely as to the material matter in reference to which he has been contradicted or in reference to which it is charged he has made inconsistent statements at another time. *Gulliher* v. *People,* 82 Ill. 145; *Swan* v. *People,* 98 id. 610; *Hoge* v. *People,* 117 id. 35; *Perkins* v. *Knisely,* 204 id. 275; *Beedle* v. *People, supra.*

By the instruction now under consideration the jury were led to believe that there were two classes of witnesses whose testimony, except where properly corroborated, they were at liberty to disregard: First, those who "have been successfully impeached on this trial;" and second, those who "have willfully sworn falsely as to any matter or thing material to the issues of this case;" and they were therefore apt to conclude that a witness had been "successfully impeached" even though the jury did not believe that he had "willfully sworn falsely as to any matter or thing," etc., and if they considered witnesses who had been contradicted as having been impeached, the instruction would authorize them to disregard the uncorroborated testimony of witnesses who had been contradicted even though they might not believe that such contradicted witnesses had willfully testified falsely as to any material matter or even though the contradiction may have been as to an immaterial matter.

We do not think, however, that appellant was harmed by this instruction. The wrong which it by its brief and argument points out as having been visited upon it in this regard results from the application which it contends the jury might have made of this instruction to the testimony of Mrs. Florence Bradley, called by the appellee, and the testimony of the gripman and the conductor of the train, called by appellant. Mrs. Bradley testified that after the accident she asked the gripman, Olson, why he did not ring the bell, and he answered, "Oh! why didn't I!" or "Why didn't I!" And she then asked him, "Why didn't you stop the car?" and he

answered, "Why didn't he get off the track?" When the gripman was interrogated in reference to these alleged statements of his, however, while he first denied them, on being further questioned he stated that as to the first of his alleged statements above quoted he did not remember whether he made such statement or not and would not say whether or not it was true that he did make such statement, and that as to the last of his alleged statements above quoted he did not remember whether or not he had made it. It is apparent, therefore, that as to him there was no real contradiction, and while appellant evidently regards his statements made at the time of the accident, as they were repeated by Mrs. Bradley, as inconsistent with his evidence, upon examination of his testimony we have concluded that while such statements made out of court perhaps indicate an indifference to the personal welfare of appellee, they are not materially variant from his (Olson's) testimony. The jury, in our judgment, could not have regarded the gripman as a witness who had been "successfully impeached" by the testimony of Mrs. Bradley above referred to.

The car which struck the wagon in which appellee was riding was the grip-car of a train which consisted of but two cars,—the grip-car and another street car attached to and following the grip-car,—and this train was operated by the conductor and gripman above mentioned. The conductor testified that just before the accident he was standing on the front end of the second car. Mrs. Bradley was asked where the conductor was just prior to and at the time of the accident, and replied, "On the back platform." This witness was cross-examined at great length and with special reference to the conductor's movements during the time she was upon the car, and it finally developed that the time at which she saw him on the back platform was when the train was at Ridgewood court, her final statement on that subject being, "The only time on that whole trip that I know at what particular point the conductor was on the car was at this time,

at Ridgewood court." The court in question was distant a half block from the place of the accident. It is thus apparent that there was no actual contradiction between Mrs. Bradley and the conductor on this subject. Whether the conductor was on the front platform or the rear platform of the second car at and immediately preceding the time of the accident was wholly immaterial in any event, except in so far as it was proper to examine Mrs. Bradley in reference thereto for the purpose of testing her memory.

Counsel for appellant do not seek to show that the instruction in question could have resulted in any prejudice to their client by reason of the existence in the record of testimony other than that which we have just discussed.

Appellant challenges the action of the court in giving the eighth instruction asked by appellee, which is as follows:

"The court instructs the jury that by ordinary care the law means such a degree of care, under the circumstances and in the situation in which the plaintiff was placed at the time, so far as that may be shown by the evidence, if it is so shown, as an ordinary prudent or careful person would exercise under like or similar circumstances."

It is insisted that the expression "at the time" limits the period during which appellee must have been in the exercise of ordinary care to the precise time of the accident, and disregards the question as to whether he exercised ordinary care in approaching or driving upon the track of appellant. It is to be observed that the instruction is addressed to advising the jury of the meaning of the term "ordinary care," and is not designed to inform them of the length of time or the period throughout which that care must have been exercised by the appellee. The term in this instruction is, "at the time." The expression condemned in the case of *Chicago, Milwaukee and St. Paul Railway Co. v. Halsey,* 133 Ill. 248, was, "at the time of the accident." We do not think the expression, "at the time," as used in the instruction attacked in the case at bar, necessarily relates alone to

the moment of the collision.  By the fifteenth instruction given on the part of appellant the jury were instructed "that in going across or near the defendant's tracks at the time and place in question it was the duty of the plaintiff" to exercise ordinary care to avoid injury from the approaching car, and that if he failed to do so he could not recover.  Appellee's eighth instruction, when considered as one of a series of which appellant's fifteenth instruction was a part, was not erroneous.  *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* v. *Keenan,* 190 Ill. 217.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*