## Ervin Simmons, Appellee, v. William Clement, Appellant.

## Gen. No. 5529.

INSTRUCTIONS—*when upon impeachment of witnesses erroneous.* An instruction which tells the jury that they may disregard the entire testimony of any witness who "has been successfully impeached" is insufficient if it does not tell the jury what constitutes successful impeachment.

Assumpsit. Appeal from the Circuit Court of Stephenson county; the HON. RICHARD S. FARRAND, Judge, presiding. Heard in this court at the April term, 1911. Reversed and remanded. Opinion filed October 13, 1911.

WITTE & MAMES and ROBERT B. MITCHELL, for appellant.

REUBEN R. TIFFANY, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

Appellant lived at Freeport and was an agent for the sale of Canadian lands for the Canadian Pacific Irrigation and Colonization Company, which was apparently subordinate to the Canadian Pacific Railway. Appellee also lived at Freeport. Some arrangement was made between appellee and appellant by which appellee was to act for appellant in the sale of Canadian lands. Appellee sued appellant to recover commissions of $1 per acre for 1280 acres of land which it was alleged that Louis A. Volkers purchased of appellant through appellee. The first count of the declaration charged that it was agreed between the parties that if appellee would produce a party who would buy Canadian lands through appellant, the latter would pay appellee $1 per acre for every acre the party so produced would buy through appellant, and that appellee did produce Volkers, who did buy 1280 acres of appellant. The second count charged that appellant promised to pay appellee $1 per acre for all lands sold to a person whom appellee might bring or send to appellant and to whom appellant should make sales of Canadian lands, and that appellee took Volkers to appellant and introduced him as a prospective purchaser and that Volkers did through appellant buy 1280 acres of Canadian land. To these counts were added the common counts. Appellant paid into court $200 and the costs to that date, and filed pleas of the general issue and of tender. There was a jury trial and a verdict for appellee in the sum of $1080 besides the $200 tendered, and a judgment upon the verdict, from which defendant below appeals. Upon a motion by appellant for a new trial numerous affidavits were filed, tending to show corrupt practices exercised by some one to procure testimony for appellee.

Appellee's version of the contract entitled him to a commission of $1 per acre for a certain kind of Canadian land sold by appellant to any person whom appellee had produced and introduced to appellant. Appel-

lant introduced testimony tending to show that the contract was that appellee should have $1 per acre for a certain kind of Canadian land sold to persons whom appellee took to Canada and to whom appellee sold the land. Appellee did not take Volkers to Canada, nor sell him the land. Appellant's proof tended to show that he had been trying to interest Volkers in Canadian land long before appellee brought him to appellant. After appellant had made a bargain with Volkers a check of the latter was refused payment and the original deal fell through, and appellant thereafter made an arrangement with Volkers by which he, appellant, loaned to Volkers or found for him the money with which to make the purchase. Appellant introduced testimony tending to show that after the original deal with Volkers fell through, it was arranged between appellant and appellee that appellee should receive $200 in full for all the services he had rendered in that matter. It was under this proof that appellant made his tender of $200 and costs, and he apparently had a preponderance of the evidence in his favor on that subject.

In this state of the case, the court gave for appellee the fifth instruction, to the effect that if the jury found that appellant engaged appellee to find purchasers for Canadian land and agreed to pay appellee a commission of $1 per acre for land so purchased by such parties and that thereafter appellee introduced Volkers to appellant and Volkers was ready, willing and able to buy said land and did buy 1280 acres of land at the terms proposed by appellant, then in the absence of any agreement by appellee to take a lesser commission, they should find the issues for appellee and assess his damages at $1080. This instruction was erroneous, because it directed the jury to find a verdict for appellee for $1080 even if the jury also believed from the evidence that it was further agreed between appellant and appellee that he was to take proposed purchasers

to Canada and sell them the lands himself, as testified by appellant. The court also gave the sixth instruction requested by appellee, which was in substantially the same terms, except that it omitted reference to the absence of any agreement by appellee to take the lesser commission, and it told the jury that appellee had earned his commissions if Volkers had entered into a written contract for said lands on the terms proposed by appellant, and that appellee's right to commissions was not affected by any modifications in the terms of payment or other conditions of the sale different from the terms first given. This instruction was erroneous because it authorized a recovery if the jury found that appellee introduced Volkers to appellant, even though the jury might believe from the evidence that the agreement was that to earn these commissions appellee should take proposed purchasers to Canada and sell them the lands, and it was also erroneous because it ignored the proof tending to show that he had agreed to accept $200 in payment after the first sale to Volkers had fallen through, and it would be likely to be understood by the jury to mean that the right of appellee to recover $1280 would not be affected by any subsequent modification by which he agreed to take $200. Appellee's third instruction, that the jury may disregard the entire testimony of any witness who "has been successfully impeached" was in that respect insufficient, for it did not tell the jury what constituted successful impeachment. Chicago City Ry. Co. v. Ryan, 225 Ill. 287; Metzger v. Manlove, 241 Ill. 113. The court gave an instruction at the request of appellant which furnished a partial definition of impeachment, but we do not think it sufficiently informed the jury what constituted a successful impeachment; and the third instruction was therefore calculated to mislead the jury and was erroneous. We are not satisfied with the conclusion of the jury upon the evidence, nor with the circumstances affecting the evidence introduced by appellee,

as shown upon the motion for a new trial, and we conclude that the errors contained in said instructions require that the judgment should be reversed and the cause submitted to another jury.

The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*