## The People of the State of Illinois, Defendant in Error, v. Cyrenus Spencer, Plaintiff in Error.

1. CRIMINAL LAW—*instructions*. It is reversible error to single out in an instruction in a criminal case and lay specific stress upon particular statements and acts of the defendant where the defendant denied such statements and acts.

2. CRIMINAL LAW—*instructions*. An instruction in a criminal case that the jury may disregard the statement of all witnesses who had been successfully impeached, except in so far as such witnesses have been corroborated by other credible evidence, is improper where they are no other instructions explaining the meaning of "successfully impeached," and is also bad for the further reason that it would authorize the exclusion of evidence where the witness was only impeached on an immaterial question.

3. CRIMINAL LAW—*instructions*. It is reversible error to refuse a properly worded instruction on the presumption of innocence on the part of a person charged with a crime and as to the impartial consideration of his testimony.

4. CRIMINAL LAW—*instructions*. It is reversible error to refuse a properly worded instruction that the question of guilt or innocence of the defendant should be determined solely upon the evidence adduced upon the trial and the instructions of the court.

Prosecution for wife abandonment. Error to County Court of De Witt county; the Hon. FRED C. HILL, Judge, presiding. Heard in this court at the April term, 1912. Reversed and remanded. Opinion filed June 5, 1912.

ARTHUR F. MILLER and JOHN FULLER, for plaintiff in error.

VERNELLE F. BROWNE, for defendant in error; STONE & GRAY, of counsel.

Mr. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

This is a criminal prosecution begun in the County Court of DeWitt county by an information, filed by the States Attorney, charging that Cyrenus Spencer "did without just cause abandon his wife, Frances Spencer, and neglect to maintain and provide for her." On a

trial the defendant was found guilty and sentenced to the county jail and to pay a fine.

The evidence is very repulsive and conflicting as to the actions of the defendant and the contradictions are such that the jury should have been accurately instructed.

The sixth instruction given for the people tells the jury that they "may take into consideration any declaration of the defendant concerning his intention to live with his wife, and also any declaration that he may have made, if any such declarations have been proved, together with all the other evidence admitted by the court as to whether he desired to live with her, or did not desire to live with her in determining whether," etc. The seventh is: "If you believe from the evidence that after his marriage the defendant had and exercised criminal relations with any other woman than his wife, you may take such fact, if the same has been proved, together with all the other evidence into consideration in determining," etc. The ninth is: "If you believe from all the evidence in this case beyond a reasonable doubt that on or about November 5, 1911, the defendant stated to his sisters that he would rather go to the penitentiary for life than live with his wife—then you may take this evidence with all the other evidence admitted by the court into consideration in determining," etc. The defendant denied the statements and the acts referred to in these instructions and was corroborated to some extent by other witnesses. It was reversible error to single out and lay special stress upon particular parts of the evidence. Sullivan v. Eddy, 164 Ill. 391; Coon v. People, 99 Ill. 368; Hellyer v. People, 186 Ill. 550.

The eighth instruction given for the people is: "You are instructed that in determining the question of fact in this case, you should consider the entire evidence admitted by the court, but you are at liberty to disregard the statement of all witnesses, if any there be, as have been successfully impeached except in so

far as such witnesses have been corroborated by other credible evidence or by facts and circumstances proved on the trial." While this instruction has been approved in Miller v. People, 39 Ill. 459; and Hill v. Montgomery, 184 Ill. 220; yet in Beedle v. People, 204 Ill. 197, the instruction is condemned and said to have been departed from in the more recent cases of Galliher v. People, 82 Ill. 145; Healy v. People, 163 Ill. 272; Matthews v. Granger, 196 Ill. 164; and in Chicago City Ry. Co. v. Ryan, 225 Ill. 287; where the only impeachment of a witness was by contradictory evidence, it was said the instruction should not have been given.

The usual instruction that if the jury believe any witness has willfully sworn falsely to any material fact in issue then they had the right to disregard his entire testimony except where corroborated, was properly given at the request of the people. If any witness had willfully sworn falsely on an immaterial question an instruction might not be given telling the jury they may disregard the entire evidence of such witness except as to such parts as the witness was corroborated by credible evidence. A witness might be impeached on an immaterial question, and the eighth instruction would authorize the jury to disregard the entire evidence of such witness, while if he had willfully sworn falsely on such immaterial matter the jury could not properly be authorized to disregard his evidence. Peak v. People 76 Ill. 289; Beedle v. People, 204 Ill. 200. It is now well settled that it is only willfully swearing falsely to a material matter that will authorize a jury to disregard the entire testimony of a witness. Even if the eighth instruction had been proper, there was no instruction telling the jury the meaning of "successfully impeached," or how a witness may be impeached.

The court refused the following instructions asked by the defendant: "The jury have no right to disregard the testimony of the defendant on the ground

alone that he is the defendant and charged with the commission of an offense. The law presumes the defendant to be innocent until he is proved guilty, and the law allows him to testify in his own behalf and the jury should fairly and impartially consider his testimony together with all the other evidence in the case," and "You are instructed that in determining the question of guilt or innocence of the defendant you should do so solely upon the evidence adduced upon the trial and the instructions of the court, and none other, unaided and uninfluenced by any knowledge if any, you may have gained from any other source." These are stock instructions in criminal cases and their refusal was reversible error. The judgment is reversed and the cause remanded.

*Reversed and remanded.*